ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00586 DAE |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| CHARLES H. KOSI, JR., | ) | DEC 1 0 2004 |
| Defendant. | ) | at __ o'clock and __ min. P M. WALTER A.Y.H. CHINN, CLERK |

ORDER DENYING UNITED STATES' MOTION TO STRIKE
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The Court heard the United States' Motion on December 7, 2004. Assistant U.S. Attorney Wes Reber Porter appeared at the hearing on behalf of the United States; Alvin K. Nishimura, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting memorandum, the Court DENIES the United States' Motion to Strike Defendant's Motion to Suppress Evidence.

BACKGROUND

Defendant Charles Kosi is charged with possession of methamphetamine and being a convicted felon in possession of a firearm. Both the methamphetamine and the firearm were found in a backpack he allegedly

49

discarded during a police chase. Defendant filed a motion to suppress this evidence, claiming the backpack was searched in violation of his Fourth Amendment rights. The United States has filed a motion to strike Defendant's motion to suppress for lack of standing. The heart of the United States' argument is that the Defendant abandoned the backpack and denied ownership of it, the Defendant therefore lacks standing to assert any Fourth Amendment rights regarding it, and the Court may strike his motion for lack of standing without need for a suppression hearing. Defendant filed no written response to the United States' motion.

## DISCUSSION

According to the government's motion, on November 21, 2003, the Maui Police Department attempted to pull over Defendant's vehicle after responding to a call regarding a reckless driver. Defendant refused to pull over and a chase ensued. Shortly before Defendant ultimately pulled over, the officer saw a small backpack hit the ground near the driver's side door. When questioned, Kosi denied that the backpack belonged to him. Inspection of the backpack revealed that it contained a handgun, ammunition, crystal methamphetamine, and court documents bearing Defendant's name. The

2

government also submits a list of three witnesses who can testify regarding this factual account. Defendant is a convicted felon and was on parole at the time.

The government argues that under two Ninth Circuit rulings, a defendant bears the burden of proving that he has standing when seeking suppression of evidence. (Mot. to Strike at 5, (citing United States v. Nadler, 698 F.2d 995, 998 (9th Cir. 1983); United States v. Robertson, 833 F.2d 777, 779 (9th Cir. 1987)).) Moreover, the government contends, the Court need not reach a suppression hearing unless defendant can prove standing. The government also cites cases to establish that: (1) individuals who abandon property no longer have standing to challenge the search or seizure of such property; and, (2) denial of ownership is key to finding abandonment. (Mot. to Strike at 7 (citing United States v. Jackson, 544 F.2d 407, 409 (9th Cir. 1976); United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986)).) Thus, because Kosi denied ownership of the backpack and threw it from his car, the government concludes that he abandoned it and no longer has standing to contest its search.

Defendant's Motion to Suppress Evidence paints a very different picture of the facts. He alleges that he was not driving erratically, and there was not so much a car chase as a slow pulling over of the car by Defendant. Moreover, he characterizes the action regarding the backpack as follows: "Just before pulling

3

to a stop in the Shaw street parking lot, Charles Kosi removed a backpack from his vehicle and placed it in an area slightly away from where he stopped the vehicle. The officers knew this backpack belonged to Charles Kosi because they saw [him] place the item at that location." Defendant's account omits any denial by Defendant of ownership of the backpack.

      Defendant argues in his Motion to Suppress Evidence that placing the bag a short distance from the vehicle does not render it abandoned, because the police saw him place it there, and knew it was his because of the observation. To support this legal conclusion, Defendant cites <u>United States v. Stephens</u>, in which the Ninth Circuit held that where a Defendant feels compelled to abandon property because his Fourth Amendment rights are being violated, this will not be considered "voluntary" for purposes of preventing a Fourth Amendment challenge. 206 F.3d 109, 917 (9th Cir. 2000).

      At the hearing, counsel for the Defendant confirmed that Defendant admits that the backpack is his, and disputes the United States' assertions that he denied ownership of it or threw it away. This Court finds that the United States' legal argument is sound and correct based on the factual scenario presented by its motion. However, because the material facts are disputed, this Court would be required to engage in a credibility determination between competing factual

4

assertions in order to grant the United States' motion. Therefore, an evidentiary hearing on Defendant's Motion to Suppress Evidence is required.

## CONCLUSION

For the reasons stated above, the Court DENIES the United States' Motion to Strike Defendant's Motion to Suppress Evidence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, _____.

*[signature]*

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. Charles H. Kosi, Jr., CR. No. 03-00586 DAE; ORDER DENYING UNITED STATES' MOTION TO STRIKE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.

* * LABEL LIST * *

Case Number:1:03-cr-00586

Wes Porter, Esq.
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI  96850

Alvin P.K.K. Nishimura, Esq.
1164 Bishop St Ste 510
Honolulu, HI  96813

USM

PTS

USPO