MARK R. ZENGER, #3511
RICHARDS & ZENGER
P.O. Box 3966
Lihue, Hawaii 96766
Phone: (808) 632-0723

Attorney for Defendant
CHARLES H. KOSI, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    vs.<br><br>CHARLES H. KOSI, JR.,<br><br>         Defendant. | CR. NO. 03-00586 (DAE)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   FACTUAL BACKGROUND.

The facts relevant to this memorandum in support of the "MOTION OF DEFENDANT CHARLES H. KOSI, JR. TO WITHDRAW HIS GUILTY PLEA" (hereinafter referred to as the "Motion to Withdraw Plea") are contained within the DECLARATION OF MARK R. ZENGER dated March 1, 2006 and Exhibit "A" attached thereto (hereinafter collectively referred to as the "Zenger Declaration"). The Zenger

Declaration is attached hereto and incorporated by reference herein.

**II. ARGUMENTS AND AUTHORITIES.**

    **A. THE COURT SHOULD ALLOW MR. KOSI TO WITHDRAW HIS PLEA OF GUILTY IN THIS CASE AS IT WAS NOT ENTERED INTO KNOWINGLY AND VOLUNTARILY**

As clearly set forth in the Zenger Declaration, the main thing that MR. KOSI wanted in this case after the Court issued the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" on March 14, 2005 was to be able to appeal that order to the Ninth Circuit Court of Appeals.

It is axiomatic that if a defendant has presented a fair and just reason for to withdraw his plea of guilty, the Court should grant the motion. <u>United States v. Dominguez-Benitez</u> 542 U.S. 74 (2004); <u>United States v. Olano</u>, 507 U.S. 725, 1993.

There has never been any mystery about what will happen to MR. KOSI if the Ninth Circuit does not reverse the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" -- he will serve at least 130 months in federal prison. It is equally clear what will happen

2

to MR. KOSI if and when the Ninth Circuit reverses the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" -- <u>U.S. Kosi</u> will be dismissed with prejudice for lack of evidence and he will be a free man.  Faced with those radically distinct and disparate outcomes, there was never any incentive for MR. KOSI to ever waive his right to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" for any reason.

Moreover, MR. KOSI's actual conduct in this case, both before and after the execution of the Memorandum of Plea Agreement, shows that MR. KOSI truly believed that nothing in the Memorandum of Plea Agreement affected his rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit Court of Appeals.

From the time of his November 21, 2003 arrest, he has maintained a good faith, sincere and heartfelt belief that all of the evidence against him in <u>U.S. v. Kosi</u> was obtained as the result of an illegal search and seizure that renders it inadmissible against him at trial.  MR. KOSI sought and received permission from

the Court to fire his first two attorneys because they did not see eye-to-eye with him on that point and would not do what he wanted, i.e., file a motion to suppress.

When MR. KOSI finally got counsel that would litigate the case the way that he wanted, virtually the first thing that he and his new counsel, Alvin Nishimura, Esq., did was file a motion to suppress the evidence in October 2004.  When the Court issued an adverse order on that motion March 2005, MR. KOSI embarked upon an oral and written campaign with Attorney Nishimura to make sure that no matter what happened to him, his rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit Court of Appeals would remain unmolested.

When viewed in that light, it is clear that on April 5, 2005, when MR. KOSI executed the "Memorandum of Plea Agreement" upon advice of counsel, his stated reliance upon Attorney Nishimura's representations that doing so would not have any affect at all on MR. KOSI's rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit was reasonable.

Given the foregoing, the Court should allow MR. KOSI to withdraw his plea of guilty in U.S. v. Kosi because he did not enter it in an intelligent, knowing and voluntary manner.

B. **THE COURT SHOULD ALLOW MR. KOSI TO WITHDRAW HIS PLEA OF GUILTY IN THIS BECAUSE ATTORNEY NISHIMURA GAVE HIM BAD ADVICE AND MR KOSI HAS NOT YET BEEN SENTENCED**

In a case decided on a few months ago, the Ninth Circuit Court of Appeals reversed and remanded the sentencing of a defendant that moved to withdraw his guilty plea **before** sentencing on the ground that his attorney gave him bad advice. The Court held that defendants are not required by Fed. R. Crim. P.11 to prove that they would not have pleaded guilty had counsel advised him appropriately. United States v. Davis, 485 F.3d 802 (9th Cir. 2005).

In Davis, the Court essentially interpreted the rule as requiring that such a showing would be the same as requiring the defendant to prove the constitutional invalidity of his guilty plea , which the rule does not

require for an attack on a guilty plea unless it is made **after** sentencing.

Under Rule 11(d)(2)(B), formerly Rule 32(e), a district court can permit a defendant to withdraw a guilty plea before sentencing if the defendant can show "a fair and just reason for requesting a withdrawal"; after sentencing, however, Rule 11(e) provides that a guilty plea may be set aside "only on direct appeal or collateral attack." In Hill v. Lockhart, 474 U.S. 52 (1985), the U.S. Supreme Court held that a defendant may bring a successful collateral attack of the validity of a guilty plea based on ineffective assistance of counsel if the defendant shows "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

In the wake of U.S. Davis, supra, all a defendant has to show before sentencing in order to withdraw his guilty plea is show that he received bad advice from counsel with respect to whether to enter into the plea or not. Of course, whether a defendant receive "bad

advice" or not would have to viewed from a totality of the circumstances of the case itself.

In this case, When Attorney Nishimura advised MR. KOSI to sign the Memorandum of Plea Agreement on at the U.S. Marshall's office on April 5, 2005, he knew or should have known that doing so would prevent MR. KOSI from appealing the adverse ruling on the Motion to Suppress to the Ninth Circuit Court of Appeals "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit Court of Appeals.  Attorney Nishimura knew that the main thing that MR. KOSI wanted was to litigate that appeal.

When viewed in that context, it is clear that Attorney Nishimura should have paid special attention to and clearly and carefully explained Paragraph 13 of the Memorandum of Plea Agreement to MR. KOSI.  His not having done so was the sole and proximate cause of MR. KOSI unwittingly waiving his rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" and his concomitant entry of guilty plea on April 5, 2005.

The Zenger Declaration shows that MR. KOSI has more than satisfied the quantum of evidence required of MR. KOSI to withdraw his guilty plea at this stage of the proceedings in U.S. v. Kosi under the holding in U.S. v. Davis, *supra*.

### III. CONCLUSION.

Based upon all the foregoing, MR. KOSI respectfully requests that this Honorable Court either summarily allow him to withdraw his guilty plea or, in the alternative, hold an evidentiary hearing to determine whether or not he entered it knowingly and voluntarily. prior to the time that the Court decides whether or not to sentence MR. KOSI as to the Drug Charge and dismiss the Firearm Charge.

DATED:  Lihue, Kauai, Hawaii, March 2, 2006.

_____
MARK R. ZENGER
Attorney for Defendant
CHARLES H. KOSI, JR.

MEMORANDUM IN SUPPORT OF MOTION; U.S. v. Charles H. Kosi, Jr., Cr. No. 03-00586 DAE.

8