IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES H. KOSI, JR.<br><br>Defendant. | CR. NO. 03-00586 (DAE)<br><br>**DECLARATION OF MARK R. ZENGER: EXHIBIT "A"** |

### DECLARATION OF MARK R. ZENGER

Pursuant to 28 U.S.C. § 1746, I, MARK R. ZENGER, hereby declare as follows:

1. I am an attorney licensed to practice law before the courts of the State of Hawaii and admitted to practice before this Court.

2. I am counsel for Defendant DEON KOSI in the above-captioned matter ("U.S. v. Kosi") having been appointed under the Criminal Justice Act ("CJA") in late 2005.

3. All of the information stated herein is information which I learned in my capacity as counsel for MR. KOSI in U.S. v. Kosi. If called as a witness I could and would testify to the truth of the matters

stated herein except as to those matters stated to be true on information and belief, and as to those matters I believe them to be true.

    4.    On December 17, 2003, MR. KOSI was indicted on two counts by the federal grand jury in <u>U.S. v. Kosi</u> for:

    A.    knowingly and intentionally possessing with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (hereinafter referred to as the "Drug Count"); and

    B.    knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for at term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (hereinafter referred to as the "Firearm Count").

    5.    The evidence that underlies the Drug Count is comprised of about 26 grams of methamphetamine that was taken from him during the execution of warrantless search and seizure by members of the Maui Police Department on November 21, 2003.

2

6. The evidence that underlies the Firearm Count is comprised of a Beretta pistol and ammunition therefore that was taken from him during the execution of warrantless search and seizure by members of the Maui Police Department on that same date, November 21, 2003.

7. Upon information and belief, at all times from the date of his arrest and indictment, up until the date herein, MR. KOSI has taken the position that all of the evidence seized by the Government in U.S. v. Kosi is inadmissable for use at trial against him under the "fruit of the poisonous tree doctrine."

8. Right after the date of his arrest and indictment the Court appointed Deputy Federal Public Defender William Domingo. He withdrew. The Court then appointed Michael Healey, Esq. He withdrew.

9. Upon information and belief, MR. KOSI's disputes with his previous court-appointed attorneys centered around MR. KOSI's position that all of the evidence seized by the Government in U.S. v. Kosi is

inadmissable for use at trial against him under the "fruit of the poisonous tree doctrine."

10. The Court appointed Alvin Nishimura, Esq. to be MR. KOSI's attorney in or about August 2004.

11. On October 22, 2004, Attorney Nishimura filed a motion to suppress the evidence that underlies the Drug Charge and the Firearm Charge from use at trial.

12. The Government subsequently filed a memorandum in opposition to the motion to suppress.

13. A hearing on the motion to suppress was held on February 4, 2005.

14. The Court entered a written order entitled "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" on March 14, 2005. A true and correct copy the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" is attached hereto and incorporated herein by reference as Exhibit "A".

15. Upon information and belief, after the Court issued the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS," MR. KOSI told Attorney Nishimura several times orally and in writing that he wanted to appeal that order to the Ninth Circuit Court of Appeals.

4

16. On April 5, 2005, MR. KOSI was taken from the Federal Detention Center, where he has been incarcerated without bail since his the time of his 2003 arrest, and taken to the U.S. Marshall's Office to change his plea before U.S. Magistrate Kevin S.C. Chang later that day (the "Change of Plea Hearing").

17. Upon information and belief, about ten (10) minutes before the commencement of the Change of Plea Hearing, Attorney Nishimura met with MR. KOSI and, for the first time ever, displayed to him a document entitled "Memorandum of Plea Agreement" through a wire-mesh window in the attorney-client interview room.

18. Upon information and belief, while still in the attorney-client interview room, Attorney Nishimura told MR. KOSI that he should sign the Memorandum of Plea Agreement.

19. Upon information and belief, when Attorney Nishimura told MR. KOSI that he should sign the Memorandum of Plea Agreement, MR. KOSI asked Attorney Nishimura if his signing of the Memorandum of Plea Agreement would have any affect at all on MR. KOSI's

5

rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS," to the Ninth Circuit, and Attorney Nishimura replied that the Memorandum of Plea Agreement would not have any affect at all on said rights.

20. Upon information and belief, prior to placing his signature on the Memorandum of Plea Agreement, MR. KOSI did not have adequate time to read it to himself.

21. Upon information and belief, prior to placing his signature on the Memorandum of Plea Agreement, Attorney Nishimura did not read or explain its terms and conditions to MR. KOSI.

22. Under Paragraph 13 of the Memorandum of Plea Agreement MR. KOSI waived his right to appeal or collaterally attack the conviction and sentence except on a claim of ineffective assistance of counsel and where the Court departs upward from the United States Sentencing Guideline ("U.S.S.G") range.

23. Upon information and belief, within minutes of the time that MR. KOSI signed the Memorandum of Plea Agreement, he changed his plea in U.S. v. Kosi to

6

guilty as to the Drug Charge in return for dismissal of the Firearm Charge at sentencing.

24. Upon information and belief, at the time that MR. KOSI changed his plea to guilty as to the Drug Charge, he did not understand that doing so would deprive him of his rights to appeal appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit.

25. Upon information and belief, at the time that MR. KOSI changed his plea to guilty as to the Drug Charge, had MR. KOSI understood that by signing the Memorandum of Plea Agreement, he was waiving his rights to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit, there is no way that he would have signed it.

26. In late 2005, MR. KOSI formed the belief that Attorney Nishimura was hiding something from him and was purposely not giving him copies of documents that were pertinent to his case and upcoming sentencing hearing. He therefore requested that Attorney

7

Nishimura withdraw as his counsel in U.S. v. Kosi. He did so, and the Court later appointed me.

27. On Monday, February 27, 2006, I interviewed MR. KOSI at the Honolulu FDC and went over, *inter alia*, the Memorandum of Plea Agreement.

28. During that interview, MR. KOSI learned seemingly for the first time ever that by signing the Memorandum of Plea Agreement, he waived his right to appeal or collaterally attack the conviction and sentence except on a claim of ineffective assistance of counsel and where the Court departs upward from the U.S.S.G. range and that he therefore cannot appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit Court of Appeals.

29. Since MR. KOSI did not understand that the method and manner in which he entered his plea of guilty on April 5, 2005 prevents him from appealing the adverse ruling on the Motion to Suppress to the Ninth Circuit Court of Appeals, he wants to withdraw his plea and proceed to trial by jury on the merits or, in the alternative, enter plead of guilty to both the Drug

Count and the Firearm Count in such a way that allows him to appeal the "ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS" to the Ninth Circuit Court of Appeals after sentencing.

30. On March 28, 2006, I apprised Assistant United States Attorney Wes Porter of the sum and substance of the statements set forth hereinabove via telephone. I requested that he stipulate to continue the sentencing hearing currently scheduled to occur on Friday, March 3, 2006. However, he declined to do so.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Executed this 1st day of March 2006, at Lihue, Hawaii.

_____
MARK R. ZENGER

---

**DECLARATION OF MARK R. ZENGER;** <u>U.S. v. Charles H. Kosi, Jr.</u>, Cr. No. 03-00586 DAE.

---