EDWARD H. KUBO, Jr.        #2499
United States Attorney
District of Hawaii

WES REBER PORTER          #7698
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:     wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00586 DAE |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION TO |
| | ) | DEFENDANT CHARLES H. KOSI, |
| v. | ) | JR.'S MOTION TO WITHDRAW [HIS] |
| | ) | GUILTY PLEA ENTERED ON APRIL |
| CHARLES H. KOSI, JR., | ) | 5, 2005; TABLE OF CONTENTS AND |
| | ) | TABLE OF AUTHORITIES; |
| Defendant. | ) | DECLARATION OF ALVIN P.K.K. |
| | ) | NISHIMURA; EXHIBITS "A" & "B"; |
| _____ | ) | CERTIFICATE OF SERVICE |

**UNITED STATES' OPPOSITION TO DEFENDANT
CHARLES H. KOSI, JR.'S MOTION TO WITHDRAW [HIS]
GUILTY PLEA ENTERED ON APRIL 5, 2005**

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

**DECLARATION OF ALVIN P.K.K. NISHIMURA**

**EXHIBITS "A" and "B"**

**CERTIFICATE OF SERVICE**

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.........................................ii

I.    PROCEDURAL AND FACTUAL HISTORY ........................... 3

      A.    Section 924(c) Violation ........................... 3

      B.    Suppression Denied and No Issue
            Presented for Appeal  .............................. 4

      C.    KOSI's Guilty Plea Was an Informed Decision ........ 6

      D.    KOSI's Plea Agreement  ............................. 8

      E.    KOSI's Change of Plea Hearing ...................... 9

II.   KOSI'S MOTION TO WITHDRAW HIS GUILTY PLEA MUST
      BE DENIED FOR LACK OF A "FAIR AND JUST REASON" .......... 13

III.  CONCLUSION .............................................. 18

## TABLE OF AUTHORITIES

CASES                                                          PAGE(s)

Robtoy v. Kincheloe, 871 F.2d 1478
     (9th Cir. 1989) ......................................... 13

United States v. Adam, 296 F.3d 327
     (5th Cir. 2002) ......................................... 14

United States v. Nagra, 147 F.3d 875
     (9th Cir. 1998) ......................................... 14

United States v. Nostratis, 321 F.3d 1206
     (9th Cir. 2003).........................................13

United States v. Ortega-Ascanio, 376 F.3d 779
     (9th Cir. 2004) ......................................... 14

United States v. Payton, 168 F.3d 1103
     (8th Cir. 1999) ......................................... 13

United States v. Saft, 558 F.2d 1073
     (2d Cir. 1977) .......................................... 13

United States v. Schwartz, 785 F.2d 683
     (9th Cir. 1986) ......................................... 17

### STATUTES AND RULES

18 U.S.C. § 924 ............................................... 2

18 U.S.C. § 924(c) ................................... 3-6, 8, 12

18 U.S.C. § 3742(a) ........................................... 9

Rule 32(d), Fed. R. Crim. P. ................................. 13

Rule 32(e), Fed.R.Crim.P. .................................... 13

**UNITED STATES' OPPOSITION TO DEFENDANT
CHARLES H. KOSI, JR.'S MOTION TO WITHDRAW [HIS]
GUILTY PLEA ENTERED ON APRIL 5, 2005**

Now comes the government through its undersigned

counsel and herein opposes Defendant Charles H. Kosi, Jr.'s

("KOSI") "Motion to Withdraw [His] Guilty Plea Enetered on April

5, 2005."  KOSI filed his motion to withdraw his guilty plea on

March 2, 2006, four days before his latest sentencing hearing of

March 6, 2006,[1] almost a year after his bargained-for plea

agreement with the government and nearly six months after United

States Probation ("Probation") released its (draft) Presentence

Report ("PSR").  In short, KOSI wishes to withdraw his plea,

breach his plea agreement, and then plead guilty again without a

plea agreement.  With the benefit of hindsight, KOSI incorrectly

perceives that he received little, or no, benefit under the plea

agreement relative to the government's benefit of appeals waiver

provisions.  The Court must deny KOSI's motion to withdraw his

plea for several reasons.

KOSI waiving his right to appeal was no great

sacrifice.  KOSI moved to suppress his backpack containing a

firearm and "ice" recovered from the scene.  The Court denied

KOSI's motion to suppress because, *inter alia*, KOSI's version of

---

[1]  The sentencing date is this matter was moved from
December 12, 2005, then to December 22, 2005, and then to March
3, 2006 and now to the present sentencing date.

the facts was not credible and he abandoned the backpack during a car chase with law enforcement. There is virtually no chance of a successful appeal.

Nonetheless, KOSI no longer wishes to be bound by his plea agreement, wherein he waives his right to appeal. KOSI argues that "there was never any incentive for [him] to ever waive his right to appeal . . . for any reason." See KOSI's Mot. Supp. at 3. KOSI completely ignores in his motion that, under his plea agreement, the government agreed not to charge him with an additional offense carrying 5 years imprisonment to run consecutive to the guideline he currently faces. See Plea Agreement ¶4, attached as Exhibit "A" hereto; 18 U.S.C. § 924. KOSI wishes to reorganize his plea, retain his right to appeal, and get the benefit of a deal never available to him.

KOSI's present counsel was not the same counsel who represented KOSI during the suppression motion and negotiated his plea agreement with the government. The government has included the declaration of Alvin P.K.K. Nishimura, KOSI's previous counsel during those events. KOSI's claims in his motion are refuted by his attorney at the time. For the reasons discussed below, this Court must deny KOSI's motion to withdraw his guilty plea for lack of a fair and just reason.

2

I.   PROCEDURAL AND FACTUAL HISTORY

On November 21, 2003, local law enforcement officers began effecting a routine traffic stop that evolved into a car chase.  During the pursuit, the officers cornered KOSI, the driver and sole occupant of the car, in an elementary school parking lot.  KOSI drove in loop through the parking lot, slowed down and discarded a backpack from his vehicle.  The officers arrested KOSI and recovered his abandoned backpack.

On December 8, 2003, the government charged KOSI via Criminal Complaint with both a drug trafficking and a firearm charge.  On December 17, 2003, a federal grand jury returned an indictment against KOSI for possession with intent to distribute "ice" and being a felon in possession of a firearm.  The firearm and the distribution quantity of methamphetamine were recovered together in the same backpack with KOSI's identification.

A.   Section 924(c) Violation

Notably, KOSI was not charged with a violation of 18 U.S.C. § 924(c)(carrying or using a firearm *in connection* with a drug trafficking crime).  The government alerted KOSI, via his counsel at the time, that if KOSI were to proceed to trial that he would face a 924(c) charge and the 5-year mandatory, consecutive, sentence under the statute.  For 16 months between

3

the indictment and his guilty plea,[2] KOSI's decision to proceed to trial or plead guilty turned on the government's willingness not to charge him with additional 924(c) offense arising out of his offense conduct.

> B.    Suppression Denied and No Issue
>       Presented for Appeal

On October 22, 2004, KOSI moved to suppress the search of his backpack that he abandoned during the car chase with local law enforcement. On February 4, 2005, the Court heard KOSI's motion to suppress including the testimony of two Maui Police Department ("MPD") officers and KOSI himself. On March 14, 2005, the Court denied KOSI's motion in a written order. [See Order Denying KOSI's Motion to Suppress, Attached as Ex. A. to KOSI's Motion.] The Court found that *"Defendant's version of events is not credible* [and] . . . *defies logic and the typical patterns of human behavior."* Id. at 7 (emphasis added). The Court continued by finding *"Defendant's factual scenario to be wholly unbelievable* [and] . . . *that Defendant clearly abandoned the*

---

[2]    KOSI has had five appointed attorneys and has affirmatively requested the withdrawal of four court-appointed attorneys. On May 6, 2004, August 6, 2004, March 23, 2005, and October 31, 2005, KOSI requested that the Court appoint him a new attorney.

With each new attorney, the government allowed that attorney time to work with KOSI and with the same plea agreement. Finally, after he filed and lost his suppression motion, KOSI entered into the plea agreement with the government (Exhibit "A").

**backpack**." Id. at 11 (emphasis added). Nothing in the Court's written order or the record remotely indicates a viable issue for appeal.

According to a declaration submitted by KOSI's attorney at the time, Alvin P.K.K. Nishimura ("Nishimura"), KOSI and Nishimura discussed the Court's written order denying his motion to suppress and the likelihood of a successful appeal. Nishimura explained to KOSI that the Court's decision was largely based upon the credibility of the witnesses who testified at the hearing, including KOSI himself. Nishimura explained to KOSI that the Court's order, as it was written, left little chance for a successful appeal. Nishimura Decl. ¶7.

After the Court denied KOSI's motion to suppress, Nishimura had discussions with the undersigned AUSA about resolving the above-captioned case by plea. The government conveyed that if KOSI pleaded guilty to Count 1 of the indictment, charging KOSI with possession with intent to distribute more than 5 grams of methamphetamine, and agreed that the two-level firearm enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines applies, then the government would not seek a superceding indictment to add a Section 924(c) violation. Id. ¶8.

C.   KOSI's Guilty Plea Was an Informed Decision

Nishimura also raised the prospect of KOSI cooperating with the government with the undersigned AUSA in an effort to get a downward departure.   The government informed Nishimura that KOSI would only be debriefed after he pled guilty pursuant to a plea agreement.   Id. ¶9.   KOSI and Nishimura then discussed his options of trial or pursuing a guilty plea pursuant to a plea agreement with the government.   KOSI and Nishimura discussed that with a plea agreement the government would agree not to bring any additional charges derived from KOSI's offense conduct, specifically the Section 924(c) violation.   KOSI and Nishimura further discussed the punishments associated with the additional charge and how the 5 years of imprisonment was to be served consecutive to the guideline range that he would face on the drug trafficking charge.   KOSI and Nishimura lastly discussed the prospect of cooperating with the government and earning a downward departure from the government.   Id. ¶10.

Initially, KOSI did express his desire to pursue an appeal of the Court's denial of his motion to suppress.   KOSI and Nishimura then discussed the appeals waiver provisions of the plea agreement and how, once signed by him, the agreement would preclude any appeal the Court's denial of his motion to suppress. Id. ¶11.   KOSI's motivation and focus however shifted from his right to appeal to the length of his likely term of imprisonment.

6

Nishimura informed KOSI that his ultimate term of imprisonment could be lessened if he cooperated with the government.  If he cooperated with the government, then, Nishimura told KOSI, the government might file a motion prior to his sentencing hearing if he provided "substantial assistance."  Nishimura informed KOSI that he would not be permitted to cooperate with the government unless he first pled guilty pursuant to a plea agreement that included the standard provisions, including an appeals waiver. Id. ¶12.

KOSI ultimately decided to plead guilty pursuant to a plea agreement with the government.  According to Nishimura, KOSI's decision was an informed one.  KOSI understood that he would receive the benefit of the government forgoing a consecutive 5-year term of imprisonment.  KOSI further understood that, pursuant to the agreement, he would debrief with agents from the government and that the government would have the sole discretion to file a motion for downward departure based upon substantial assistance.  Lastly, KOSI understood that he would waive almost all of his rights on appeal under the plea agreement.  Id. ¶13.

Nishimura reviewed the plea agreement with KOSI prior to his Change of Plea hearing on April 5, 2005.  Throughout his representation, Nishimura found KOSI to be an intelligent and savvy defendant.  According to Nishimura, KOSI understood the

7

provisions of the plea agreement, including the appeals waiver

provisions.  KOSI did not raise any concerns regarding the

appeals waiver provisions in the plea agreement during or around

the time of his guilty plea.  Id. ¶14.

D.   KOSI's Plea Agreement

On April 5, 2005, KOSI pleaded guilty to the

distribution of methamphetamine charge, Count 1 of the

indictment, pursuant to a plea agreement.  Most significant to

KOSI, the plea agreement included the following language:

> In exchange for his guilty plea, the United States
> agrees to not charge the Defendant with any additional
> offenses derived from the traffic stop of his vehicle
> on November 21, 2003.

Plea Agreement ¶4, Ex. A.

The Section 924(c) offense was the additional offense that could

be "derived from the traffic stop of his vehicle on November 21,

2003."[3]  The Section 924(c) violation was the only additional

offense discussed during plea negotiations.  See Nishimura Decl.

¶¶4, 10.

KOSI, understanding that his motion to suppress had

been denied a month prior, entered into a standard plea agreement

---

[3]   The broad language used in the provision in Paragraph 4
of the plea agreement was included for the benefit of KOSI.
Rather than delineate the specific offenses that KOSI would not
be charged with in exchange for his guilty plea, the government
agreed that KOSI's plea would address all charges "derived" from
the traffic stop on November 21, 2002.

8

including a comprehensive appeals waiver.  KOSI's plea agreement

with the government carefully details the appeals waiver as

follows:

> 13.   The Defendant is aware that he has the right to
> appeal the sentence imposed under Title 18, United
> States Code, Section 3742(a).  Defendant knowingly
> waives the right to appeal, except as indicated in
> subparagraph "b" below, any sentence within the maximum
> provided in the statute(s) of conviction or the manner
> in which that sentence was determined on any of the
> grounds set forth in Section 3742, or on any ground
> whatever, in exchange for the concessions made by the
> prosecution in this plea agreement.

> \*    \*    \*

>> b.   If the Court imposes a sentence greater than
>> specified in the guideline range determined by the
>> Court to be applicable to the Defendant, the
>> Defendant retains the right to appeal the  portion
>> of his sentence greater than specified in that
>> guideline range and the manner in which that
>> portion was determined under Section 3742 and to
>> challenge that portion of his sentence in a
>> collateral attack.

Plea Agreement ¶13, Ex. A.

### E.   KOSI's Change of Plea Hearing

Further, both the undersigned prosecutor and Magistrate

Judge Barry M. Kurren verbally explained the appeals waiver

provisions of the plea agreement with KOSI during his Change of

Plea hearing on April 5, 2005.  See Transcript of Change of Plea

Hearing, attached as Exhibit "B" hereto.  Magistrate Kurren found

KOSI to be competent, id. at 4, capable of entering an "informed

9

plea, id. at 20, satisfied with the legal representation that he

received from Nishimura, id. at 5, and to have read, discussed

with his attorney, and understood the terms of the plea

agreement.  Id. at 6.

> THE COURT:  Did you have an opportunity to read and
> discuss the plea agreement with your lawyer [Nishimura]
> before you signed it?
> THE DEFENDANT:  Yes, I have, your honor.
>
> THE COURT:  Do you understand the terms of the plea
> agreement?
> THE DEFENDANT:  Yes, I do.
>
> THE COURT:  Does the plea agreement cover every aspect
> of the agreement that you have with the Government in
> this case?
> THE DEFENDANT:  Yes, it does.

Id.

The Court then asked the government to summerize the

essential terms of the plea agreement as follows:

> MR. PORTER: The major terms of the plea agreement
> between this defendant and the United States are as
> follows.

\*   \*   \*

> [I]n exchange for his plea we will not charge him with
> any additional offenses arising out of the traffic stop
> of November 21st, 2003.

\*   \*   \*

> [O]n page 8, starting with paragraph 13, the defendant
> is aware that he ordinarily has the right to appeal his
> sentence.  And he understands that the plea of guilty
> to Count 1 here today[,] he knowingly waives his right
> to appeal his sentence except for the limited instance

10

that's set out in paragraph13B.  And that is that he -
- he may appeal that part of the sentence which
represents above the applicable sentencing guideline at
sentencing.

The defendant also understands that he would ordinarily
have the right to collaterally attack his sentence and
that he waives the right to collaterally attack his
sentence except for two limited instances.  That is the
portion of the sentence which is above the applicable
sentencing guideline at sentencing, or based upon a
claim of ineffective assistance of counsel.

Id. at 7-8.

KOSI continually acknowledged that he understood the

terms of the plea agreement, including the appeals waiver

provision.

THE COURT:  Mr. Kosi, does that [the above recitation]
accurately state your agreement with the Government?
THE DEFENDANT:  Yes, your honor, it does.

THE COURT:  Do you understand that you are waiving that
you are waiving or giving up your rights to appeal
except for two situations.  First, if Judge Ezra
imposes a sentence above the advisory sentencing
guideline; and, secondly, in the - in the event of
ineffective assistance of counsel.
THE DEFENDANT: Yes, your honor.

Id. at 9-10.

The Court covered with KOSI that he would not have the

luxury of backing out of his plea after learning his advisory

guideline or whether the government would file a motion for

downward departure based upon substantial assistance.

THE COURT:  If the sentence is more severe than you
expected you will still be bound by your plea.  Even if

11

you do not like the sentence imposed by the Court you
will not be able to withdraw your plea.  <u>The time to
make that decision is now</u>.  Do you understand that?
THE DEFENDANT:  Yes, your honor.

<u>Id.</u> at 13 (emphasis added).

        In October of 2005, Probation issued its Presentence

Report ("PSR") for KOSI's case.  KOSI failed to file any

objection, or non-objection, to the PSR.  Instead, on the eve of

the latest sentencing hearing with yet another new counsel, KOSI

moves to withdraw his guilty plea.  KOSI wishes to withdraw his

plea, plead guilty again, yet "straight" to the indictment,[4] that

is, without a plea agreement, and pursue his bleak appeal of the

Court's denial of his motion to suppress.  For the reasons stated

below, this Court cannot permit KOSI to withdraw his plea for

such reasons.

_____

    [4]  By pleading "straight," KOSI wishes to plead to Counts 1
<u>and</u> 2 of the Indictment, vice Count 1 only, without the need for
a plea agreement with the government.

        Pleading straight to the two-count indictment without a
plea agreement, thereby avoiding the 924(c) violation and
preserving his right to appeal, was never an option for KOSI.
Never has the government discussed such an option with any of
KOSI's counsel at any time during the prolonged litigation
surrounding his case.  <u>See</u> Nishimura Decl. ¶¶4, 10.  If KOSI
wishes to plead guilty without a plea agreement, then he will
face a Section 924(c) charge.

                            12

II.   KOSI'S MOTION TO WITHDRAW HIS GUILTY PLEA MUST
      BE DENIED FOR LACK OF A "FAIR AND JUST REASON"

There is no federally guaranteed right for a defendant
to withdraw his guilty plea and it is not a due process violation
for a district court to deny such a request.  Robtoy v.
Kincheloe, 871 F.2d 1478, 1481-82 (9th Cir. 1989).  KOSI
correctly sets out that a district court will only allow a
defendant to withdraw his guilty plea upon a showing of a "fair
and just reason."  Fed. R. Crim. P. 32(e).  A "fair and just
reason" is based upon the following factors: (1) whether there
has been an assertion of innocence; (2) the amount of time
between the plea and the motion; and (3) whether the government
would be prejudiced[5] by withdrawal of the plea.  Fed. R. Crim. P.
32(d)(advisory committee notes (1994 amend.) now applicable to
Rule 32(e)).

"[T]he decision to allow withdrawal of a plea is solely
within the discretion of the district court."  United States v.
Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003).  "The defendant
has the burden to show a fair and just reason for withdrawal of a

_____

[5] The advisory committee indicates that Rule 32(e) should be
interpreted to require the defendant to first show a fair and
just reason for withdrawal before the government is required to
show prejudice.  See Fed. R. Crim. P. 32(d)(advisory committee
notes); See also, United States v. Payton, 168 F.3d 1103, 1105
(8th Cir. 1999); United States v. Saft, 558 F.2d 1073, 1083 (2d
Cir. 1977).

13

plea." Id. The standard, however, is applied liberally. See
United States v. Nagra, 147 F.3d 875, 880 (9th Cir. 1998). "Fair
and just reasons for withdrawal include inadequate Rule 11 plea
colloquies, newly discovered evidence, intervening circumstances,
or any other reason for withdrawing the plea *that did not exist
when the defendant entered his plea*." United States v.
Ortega-Ascanio, 376 F.3d 779, 783 (9th Cir. 2004) (emphasis
added). Other courts have considered additional factors when
deciding whether to permit withdrawal such as inconvenience to
the court, adequate assistance of counsel, voluntariness of the
plea, and waste of judicial resources. See United States v.
Adam, 296 F.3d 327, 332 (5th Cir. 2002).

        Here, KOSI failed to raise any newly discovered
evidence, intervening circumstances, claims of coercion or
involuntariness, or any other reason for withdrawing his plea
that did not exist when he entered his plea. KOSI has simply
re-evaluated his guilty plea pursuant to a plea agreement almost
a year after the fact and he no longer likes his deal. KOSI
wishes to turn back the clock and proceed with his guilty plea
in, what he perceives to be, a more favorable way. The
government argues herein that the factors weigh strongly against
a "fair and just reason" for the Court to permit KOSI to withdraw
his guilty plea and, accordingly, KOSI's motion must be DENIED.

14

FIRST Factor: Assertion of Innocence. KOSI does not
make an "assertion of innocence." KOSI wishes to withdraw his
plea in order to immediately plead guilty again. KOSI wants to
reorganize his plea a year later because he now has had the
benefit of seeing his case play out. KOSI wishes to re-plead to
the indictment "straight," that is, without the plea agreement he
signed with the government. KOSI's sole motivation for waiting
to withdraw his plea and then plead guilty again is because he
wants to maintain his right to appeal the Court's denial of his
motion to suppress evidence.

KOSI, on the eve of sentencing, seeks to "re-do" his
guilty plea in a more favorable way with the benefit reviewing
the PSR and learning that the government has not filed a motion
for downward departure on his behalf. As set out in the facts
section above, KOSI ignores the express benefit in his plea
agreement of not charging him with a 924(c) violation that
carries a mandatory, consecutive five years imprisonment. KOSI's
motion to withdraw merely demonstrates his regret and second-
guessing of his cost-benefit analysis of pleading guilty **after
the PSR and after knowing that the government will not file a
downward departure motion** - a luxury any criminal defendant would
want. The first factor weighs strongly against a "fair and just
reason" for the withdrawal of KOSI's guilty plea.

15

SECOND Factor: Time Between the Plea and the Motion.

Second, in this district, KOSI waited about as long as possible to bring his motion to withdraw his guilty plea, from the date of his Change of Plea hearing on April 5, 2005 until March 2, 2006, two business days before his sentencing. KOSI has waited to learn how Probation would calculate his advisory guideline range. KOSI has waited to learn that the government did not file a motion for downward departure because his own credibility problems precluded pursuing any of his information. KOSI has waited for a year since his guilty plea for all of the reasons that the Court must not permit him to withdraw his guilty plea. This factor again weighs strongly against KOSI's "fair and just reason" to withdraw his guilty plea.

THIRD Factor: Prejudice to the Government. If the Court were to grant KOSI's motion, then the government would be prejudiced by the additional delay caused by him. KOSI envisions that, if his motion were granted, he would withdraw his guilty plea, re-plead "straight" to the indictment, be sentenced, and then bring his appeal. However, the government, without the benefit of the plea agreement, would seek a superceding indictment against KOSI including the forgone Section 924(c) violation. Once faced with the additional charge and the exposure to increased punishment, KOSI would most likely be

16

proceeding to trial against KOSI and would be prejudiced in presenting its case well after the matter was set to go trial prior to KOSI's guilty plea.  Further, because countless other defendants will bring similar motions, KOSI's motion to withdraw his plea on these grounds will result in a waste of government and judicial resources.

While the decision to allow a defendant to withdraw his guilty plea before sentencing rests squarely within the trial court's discretion, courts permitting withdrawal before sentencing are typically based upon a request made in equity or upon an inherent fairness argument.  See United States v. Schwartz, 785 F.2d 683, 678 (9th Cir. 1986)(allowing the defendant to withdraw after his co-defendant's were acquitted of the same conspiracy charge due to lack of evidence).  Here, KOSI does not make an inherent fairness or equity argument.  KOSI instead argues that he seeks to reorganize his change of plea in a way where he avoids any additional charges and preserves his right to appeal.  KOSI moves to have his cake and eat it too.  Accordingly, KOSI's request to withdrawal his guilty plea must be denied.

Lastly, KOSI appears to raise an assistance of counsel argument as a "fair and just reason" for permitting his motion to withdraw his guilty plea.  The government has attached the

17

transcript from KOSI's Change of Plea hearing.  <u>See</u> Ex. "B".

KOSI, in response to the Court asking if was fully satisfied with

the legal representation that he received from Mr. Nishimura,

responded "Yes, I am very."  <u>Id.</u> at 5-6.  Further, after a review

of Nishimura's declaration, the Court can only conclude that KOSI

is playing games by changing counsel and claiming errors that did

not occur.  Because KOSI has failed to provide this Court with

any fair and good reason to withdraw his guilty plea so that he

may re-organize his plea a year later, KOSI's motion must be

DENIED.

III. <u>CONCLUSION</u>

   Based on the foregoing reasons, the Court must deny

KOSI's motion to withdraw for lack of a "fair and just" reason.

   DATED: March 28, 2006, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii


        By<u>  /s/ Wes Reber Porter  </u>
         WES REBER PORTER
         Assistant U.S. Attorney

18

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document

was mailed to the following on March 28, 2006:

Mark R. Zenger
Richards & Zenger
P. O. Box 3966
Lihue, HI   96766

Attorney for Defendant
CHARLES KOSI


/s/ Cheri Abing