IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00586 DAE |
| | ) | |
| Plaintiff, | ) | DECLARATION OF ALVIN P.K.K. |
| | ) | NISHIMURA |
| vs. | ) | |
| | ) | |
| CHARLES H. KOSI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

DECLARATION OF ALVIN P.K.K. NISHIMURA

I, ALVIN P.K.K. NISHIMURA, declare the following facts true and accurate:

1. Beginning on August 16, 2004, I was appointed by the Court under the Criminal Justice Act ("CJA") to represent the defendant CHARLES H. KOSI, JR. in the above-entitled case.

2. I have reviewed the following documents filed in the instant case: (1) KOSI's Memorandum in Support of His Motion to Withdraw his Guilty Plea Entered on April 5, 2005; and (2) the Declaration of Mark R. Zenger, KOSI's latest counsel. I understand that KOSI, through his present counsel, has made certain accusations and claims of ineffective assistance of counsel against me in support of his motion now before the Court. My disclosures of attorney-client communications contained herein are made in defense of such accusations and to inform the Court regarding my position as to KOSI's claims when considering his motion to withdraw his plea.

3. After the Court appointed me to represent KOSI, I reviewed KOSI's file once I received it from his previous CJA attorney. The grand jury had indicted KOSI with one count of possession with intent to distribute 5 or more grams of methamphetamine and one count of being a felon in possession of a firearm. The charges were derived from a traffic stop effected by Maui Police Department officers.

4. Soon thereafter, I discussed KOSI's case with Assistant U.S. Attorney ("AUSA") Wes R. Porter. AUSA Porter told me early in my representation of KOSI that KOSI was not yet charged with a violation Section 924© of Title 18, United States Code. AUSA Porter informed me that he had engaged in limited plea negotiations with KOSI's previous attorneys from the Federal Defender's Office and the CJA panel. AUSA Porter stated that was willing to allow me some time to work with KOSI before seeking a superceding indictment.

5. KOSI and I discussed his case on several occasions. KOSI and I discussed the charges against him and what other charges the government could seek if were to proceed to trial. Before addressing the charges and a possible plea, KOSI expressed his desire to file a motion to suppress the drug and firearm recovered during the traffic stop.

6. Based upon my independent review, I filed a suppression motion in the above-captioned case on November 19, 2004. I informed KOSI that the Court would most likely deny the suppression motion, but the motion could be filed in good faith.

On February 4, 2005, the Court held a hearing on the suppression motion, wherein the government called two officers from Maui Police Department to testify and KOSI testified in support of the motion. On March 14, 2005, the Court denied the motion in a written order.

      7. KOSI and I discussed the Court's written order denying his motion to suppress and the likelihood of a successful appeal. I explained to KOSI that the Court's decision on his motion to suppress was largely based upon the credibility of the witnesses who testified at the hearing, including KOSI himself. I explained to KOSI that the Court's order, as it was written, left little chance for a successful appeal.

      8. After the Court denied KOSI's motion to suppress, I had discussions with AUSA Porter about resolving the case by plea. AUSA Porter stated that if KOSI pleaded guilty to Count 1 of the indictment, charging KOSI with possession with intent to distribute more than 5 grams of methamphetamine, and agreed that the two-level firearm enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines applies, then the government would not seek a superceding indictment to add a Section 924(c) violation.

      9. I raised the prospect of KOSI cooperating with the government with AUSA Porter in an effort to get a downward departure. AUSA Porter informed me that KOSI would only be debriefed after he pleaded guilty pursuant to plea agreement containing the standard cooperation provisions.

10. After the Court denied his motion, KOSI and I discussed his options of proceeding to trial or pursuing a guilty plea pursuant to a plea agreement with the government. KOSI and I discussed entering into a plea agreement with the government wherein the government would agree not to bring additional charges derived from KOSI's offense conduct, namely the Section 924(c) violation. KOSI and I discussed the punishments associated with the additional charge and how the imprisonment was to be served *consecutive* to the guideline range and mandatory minimum that he would face on the drug charge. KOSI and I also discussed the prospect of cooperating with the government and earning a downward departure from the government.

11. Initially, KOSI did express his desire to pursue an appeal of the Court's denial of his motion to suppress. KOSI and I also discussed the appeals waiver provisions of the plea agreement and how, once signed by him, the agreement would preclude any appeal the Court's denial of his motion to suppress.

12. KOSI's motivation and focus, after the Court denied his motion to suppress, shifted from his right to appeal to his likely term of imprisonment. I informed KOSI that his ultimate sentence could be lessened if he cooperated with the government. If he cooperated with the government, then, I told KOSI, the government might file a motion prior to his sentencing hearing if he provided "substantial assistance." I informed KOSI that he would not be permitted to cooperate with the government

unless he first pleaded guilty pursuant to a plea agreement that included the standard cooperation provisions.

13. KOSI ultimately decided to enter into a plea agreement with the government. KOSI's decision was an informed one. KOSI understood that he would receive the benefit of the government forgoing a consecutive 5-year term of imprisonment. KOSI further understood, pursuant to the agreement, that he would debrief with agents from the government and that the government would have the sole discretion to file a motion for downward departure based upon substantial assistance. Lastly, KOSI understood that he would waive almost all of his rights on appeal under the plea agreement.

14. I went over the plea agreement with KOSI prior to his Change of Plea hearing on April 5, 2005. Throughout my representation I found KOSI to be an intelligent and savvy individual. KOSI understood the provisions of the plea agreement, including the appeals waiver provisions. KOSI did not raise any concerns regarding the appeals waiver provisions in the plea agreement at or around the time of the plea.

15. At the Change of Plea hearing itself, AUSA Porter reviewed the essential terms of the plea agreement, including that the government would not charge KOSI with additional offenses arising from his traffic stop and the appeals waiver provisions. Magistrate Judge Barry M. Kurren, the magistrate conducting the hearing, asked KOSI if he understood the AUSA Porter's recitation of the essential terms of the plea agreement.

KOSI repeatedly replied that he understood. Next, Magistrate Kurren independently explained to KOSI the appeals waiver provisions of the plea agreement. Magistrate Kurren again asked KOSI if he understood the appeals waiver provisions. KOSI repeatedly replied that he understood.

      16. Based upon the foregoing, I do not agree with some of the arguments and statements included in KOSI's Memorandum in Support of His Motion to Withdraw his Guilty Plea Entered on April 5, 2005 and the Declaration of Mark R. Zenger, KOSI's latest counsel. I believe KOSI made an informed decision to plead guilty pursuant to a plea agreement with the government after carefully weighing the advantages and disadvantages of his decision.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on March 16, 2006, at Honolulu, Hawaii.

_____
ALVIN P.K.K. NISHIMURA