EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON          #4532
Chief, Violent Crimes

WES REBER PORTER           #7698
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 05 2005

at __ o'clock and __ min. __ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | CR. NO. 03-00586 DAE |
| Plaintiff,  ) | **MEMORANDUM OF PLEA AGREEMENT** |
| vs.  ) | |
| CHARLES H. KOSI, JR.,  ) | DATE:  April 5, 2005 |
|  ) | TIME:  11:00 a.m. |
| Defendant.  ) | JUDGE: Kevin S.C. Chang |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant CHARLES H. KOSI, JR., and his attorney, Alvin Nishimura, Esquire, have agreed upon the following:

EXHIBIT "A"

1. The Defendant acknowledges that he has been charged in the Indictment with possession with intent to distribute 5 or more grams of methamphetamine (actual), in violation of Title 21, United States Code, Section 841 (Count 1) and being a felon in possession of a firearm and ammunition (Counts 2), in violation of Title 18, United States Code, Section 922(g)(1).

2. The Defendant has read the charges against him contained in the Indictment and those charges has been fully explained to him by his attorney.

3. The Defendant fully understands the nature, elements and penalties of the crimes with which he has been charged.

4. The Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with possession with intent to distribute 5 or more grams of methamphetamine (actual). In exchange for his guilty plea, the United States agrees to not charge the Defendant with any additional offenses derived from the traffic stop of his vehicle on November 21, 2003. The United States further agrees to dismiss Count 2 of the Indictment after sentencing. Lastly, the parties have made certain factual and legal stipulations regarding sentencing as set forth in paragraphs 8 and 10 below.

5. The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The Defendant enters this plea because he is in fact guilty of possession with intent to distribute 5 or more grams of methamphetamine (actual) as charged in Count 1 of the Indictment.

7. The Defendant understands that the penalties for the offenses to which he is pleading guilty include:

   a. up to 40 years and not less than 5 years imprisonment; a fine of up to $2,000,000; a term of supervised release of not less than four years and up to life; and a $100 special assessment;

   b. The Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

   c. At the discretion of the court, the Defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. Section 862, (a) for up to five years if

this is the Defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is Defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is the Defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the Defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

    8. The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the Defendant is pleading guilty:

    a. On November 21, 2003, in the District of Hawaii, defendant CHARLES H. KOSI, JR. knowingly and intentionally possessed with intent to distribute five (5) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

    b. On November 21, 2003, Maui Police Department ("MPD") officers sought to conduct a traffic stop on the defendant's car on the public roadways on the Island of Maui,

4

within the District of Hawaii. The defendant did not stop immediately and, while he was being followed, he dropped a small, brown backpack out of his car, which fell to the ground along the driver's side, while the car was still moving.

      c.   MPD recovered the brown backpack and positively identified it as the backpack that was dropped by the Defendant during the lawful traffic stop.

      d.   The Defendant stated that the brown backpack did not belong to him and, accordingly, MPD officers searched the brown backpack for identification.

      e.   MPD officers recovered, *inter alia*, the quantity of crystal methamphetamine (described below), and official court documents bearing the name "Charles KOSI," the defendant herein.

      f.   A forensic chemist analyzed the substances recovered from the backpack described above and determined that it consisted of the following:

Lab Results:

- 26.2 grams (net weight) of crystal methamphetamine, or ("ice"), at 93 % purity, resulting in

- 23.8 grams as the amount of pure "ice," or actual methamphetamine. Defendant does not dispute the results of the laboratory analysis as stated herein.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

    b. Offense level stipulations:

        (i) The parties agree that the two-level firearm enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines applies in the above-captioned case.

        (ii) Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the Defendant has clearly demonstrated acceptance of responsibility for the offense,

entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). The government further agrees that because the Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the Defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2); and

        (iii) The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue that the defendant has not accepted responsibility in the event of receipt of new Indictment relating to that issue, and (2) to call and examine witnesses on that issue in the event that the probation office finds to the contrary of the prosecution's intentions or the court requests that evidence be presented.

    11. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of the Defendant in connection with this matter: none.

13. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

   b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in

that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  14. The Defendant understands that the Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  15. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

  16. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

9

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

   17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

   18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The Defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and

complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

      c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

      d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

      22.  In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.]

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

//

//

Guidelines or to impose a sentence below the minimum level established by statute.

DATED: April 5, 2005, at Honolulu, Hawaii,.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
RONALD G. JOHNSON
Assistant U.S. Attorney

_____
CHARLES H. KOSI, JR.
Defendant

_____
WES REBER PORTER
Assistant U.S. Attorney

_____
ALVIN NISHIMURA, Esq.
Attorney for Defendant