**FILED**

NOT FOR PUBLICATION

APR 20 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 6 2007

at 4 o'clock and 30 min. P M
SUE BEITIA, CLERK

| UNITED STATES OF AMERICA, | No. 06-10423 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00586-DAE |
| v. | |
| CHARLES H. KOSI, JR., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted April 16, 2007**

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

Charles H. Kosi, Jr., appeals from the district court's denial of his motion to withdraw his guilty-plea conviction for possession with intent to distribute methamphetamine, in violation of 8 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Although appellee contends Kosi waived his right to appeal, the appeal waiver in the plea agreement does not encompass the issues raised in this appeal. *See United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).

Kosi contends the district court abused its discretion by denying his motion to withdraw the guilty plea. *See United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). We find no such abuse, because the thorough plea colloquy demonstrates that the guilty plea was knowing and voluntary. *See* Fed. R. Crim. P. 11; *United States v. Vonn*, 535 U.S. 55, 58 (2002) (explaining that Rule 11 ensures that a guilty plea is knowing and voluntary). We decline to address Kosi's challenge to the effectiveness of defense counsel on direct appeal. *See Jeronimo*, 398 F.3d at 1155.[1]

**AFFIRMED.**

---

[1] We express no opinion on how Kosi's appeal waiver might affect any collateral attack of his conviction and sentence. *See Jeronimo*, 398 F.3d at 1156 n.4.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAY 14 2007

by: [signature]
Deputy Clerk