EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES HENRY KOSI,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | ) CV. NO. 08-00290 DAE-KSC<br>) CR. NO. 03-00586 DAE<br>)<br>) GOVERNMENT'S RESPONSE TO<br>) PETITIONER CHARLES HENRY<br>) KOSI'S APPLICATION FOR LEAVE<br>) TO FILE SECOND OR SUCCESSIVE<br>) [ ]MOTION UNDER 28 U.S.C. §<br>) 2255; EXHIBITS A - J;<br>) CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE TO PETITIONER
CHARLES HENRY KOSI'S APPLICATION FOR LEAVE TO FILE
SECOND OR SUCCESSIVE [ ] MOTION UNDER 28 U.S.C. § 2255

I.　　INTRODUCTION

　　　　This pleading is filed pursuant to Hawaii Local District Rule 7.10 (effective June 2, 2003), and responds to the Application for Leave to File Second or Successive [ ] Motion Under 28 U.S.C. § 2255 filed by convicted defendant CHARLES HENRY KOSI ("KOSI") in the United States Court of Appeals for the Ninth Circuit on March 24, 2008.  Exhibit A.  This Application for Leave to File Second or Successive [ ] Motion Under 28 U.S.C. §

2255 was transferred to the United States District Court District of Hawaii[1] and filed on June 13, 2008.  Exhibit B.

In this Application for Leave to File Second or Successive [ ] Motion Under 28 U.S.C. § 2255, KOSI challenges the "validity of [his] plea" (Exhibit A at Item 16) and contends that his previous attorney, Alvin Nishimura ("Nishimura"), who represented KOSI during KOSI's change of plea was ineffective. KOSI states, "There is a reasonable probability, but for Counsel's errors, I would not have pleaded guilty and went to trial." Exhibit A at Item 15.  This is the extent of KOSI's claim.

KOSI's current ineffective assistance of counsel claim is the exact same claim that he made when he sought to withdraw his plea before this Court (Exhibit C = Memorandum in Support of Motion at 5-7) and in his direct appeal[2] to the Ninth Circuit[3]. Given, the Ninth Circuit had already ruled that this Court did

---

[1]  The Ninth Circuit in an Order dated June 9, 2008, noted that KOSI had not previously filed a 28 U.S.C. § 2255 motion in district court and therefore denied KOSI's Application for Leave to File Second or Successive [ ] Motion Under 28 U.S.C. § 2255 as unnecessary.

[2]  In his direct appeal, Defendant's claim of ineffective assistance of counsel totals two paragraphs and argues that he was induced to enter his guilty plea by "[ ] a combination of Attorney Nishimura's neglect and well-meaning but misplaced desire to see Appellant be sentenced to a shorter time in prison . . . ."  Exhibit D at 27-28.

[3]  The Ninth Circuit declined to address KOSI's claim of ineffective assistance of counsel.  Exhibit E at 2.

not abuse its discretion in denying his motion to withdraw his plea, KOSI's claim of ineffective assistance of counsel with regard to the validity of his plea has been conclusively disposed of by the Ninth Circuit's judgment filed and entered on April 20, 2007. However, the government will nonetheless address KOSI's claim that Nishimura provided ineffective assistance of counsel regarding KOSI's change of plea.

## II. BACKGROUND

### A. Indictment

On December 17, 2003, a federal grand jury returned a two-count indictment charging KOSI with: Count 1 - Possession with Intent to Distribute Five (5) grams or more of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and Count 2 - Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket No. 8.

### B. Motion to Suppress

On October 22, 2004, KOSI filed his Motion to Suppress Evidence. Docket No. 43. On February 4, 2005, the district court heard KOSI's motion to suppress including the testimony of two Maui Police Department ("MPD") officers and KOSI. Docket No. 51. On March 14, 2005, the district court denied KOSI's motion in a written order. Exhibit F.

After the motion to suppress was denied, KOSI's attorney at the time, Nishimura, discussed with KOSI the written

order denying his motion and the likelihood of a successful appeal.  Nishimura explained to KOSI that the denial was largely based upon the credibility of the witnesses who testified at the hearing, including KOSI himself.  Nishimura explained to KOSI that the order, as it was written, left little chance for a successful appeal.  Exhibit G (Docket No. 71 - Attachment No. 1 = Declaration of Attorney Nishimura) at ¶7.

With the unlikelihood of success on appeal, Nishimura entered into plea negotiations (Id. at ¶8) and discussed options with KOSI.  Id. at ¶10.  At that time, KOSI discussed his desire to appeal the denial of the motion to suppress.  Nishimura explained to KOSI that a plea agreement would include a waiver of his right to appeal his motion to suppress.  Id. at ¶13.  KOSI's focus changed from appealing the denial of his motion to suppress to the amount of imprisonment he faced.  KOSI's cooperation with the government was also discussed.  Id. at ¶12.

**C.   Guilty Plea**

On April 5, 2005, KOSI pled guilty to Count 1 of the Indictment, the possession of five grams or more of methamphetamine with the intent to distribute it.  Docket No. 55.  Pursuant to a plea agreement, the government agreed to dismiss Count 2 of the Indictment and also agreed not to charge KOSI with any additional offenses arising from the traffic stop of his vehicle on November 21, 2003, (Docket No. 58), *inter alia*: a

charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

KOSI entered into this plea agreement which eliminated his possible exposure to a consecutive five years of imprisonment under 18 U.S.C. § 924(c), allowed for a downward departure based on cooperation, and included waivers of his right to appeal. Docket No. 58 - Memorandum of Plea Agreement at ¶13. Prior to the change of plea, Nishimura and KOSI reviewed the plea agreement. Nishimura opined that KOSI was "an intelligent and savvy individual," who understood the plea agreement including the waiver of appeal provisions. KOSI did not raise any concerns with Nishimura about the appeal waiver provisions at or around the time of the change of plea. Exhibit G at ¶14.

On October 27, 2005, Attorney Nishimura moved to withdraw as counsel. Nishimura's basis for having successor counsel appointed stemmed from KOSI's request that his guilty plea be withdrawn. Nishimura felt he could not in good faith further represent KOSI in KOSI's request to withdraw his plea. Docket No. 60.

On October 31, 2005, Magistrate Judge Leslie E. Kobayashi granted Nishimura's motion. Docket No. 63. On November 2, 2005, Attorney Mark Zenger was appointed successor counsel. Docket No. 65. The sentencing set for December 12, 2005 was continued to March 3, 2006. Docket No. 67.

**D.   KOSI's Motion to Withdraw His Guilty Plea**

On March 2, 2006, KOSI filed his motion to withdraw his guilty plea (Exhibit C), one day before his sentencing hearing of March 3, 2006, almost a year after his bargained-for plea agreement with the government, and five months after Probation released its PSR.

**E.   District Court's Denial of KOSI's Motion to Withdraw His Guilty Plea**

On April 7, 2006, the district court heard the testimony of KOSI, considered the declaration of KOSI's previous attorney, Nishimura, reviewed the filings and records of this case, and then denied KOSI's motion to withdraw his guilty plea. The district court in reaching its oral decision stated:

> [KOSI] . . . is a very cool and calculating individual. He's very intelligent. He is quite well spoken. He understands precisely what he is saying and what he is doing. He was under no pressure of any kind and he made what was, and I think the court has to take this into consideration as well, a decision **based upon legal advice that I can only suggest was sound**.

(Emphasis added).   Exhibit H at 28.

On April 11, 2006, this Court issued its written order denying KOSI's motion to withdraw his guilty plea. Exhibit F. It concluded that KOSI failed to establish any "fair and just reason" for a withdrawal of his plea. First, this Court noted that the Rule 11 colloquy was more than sufficient. Second, KOSI had not presented any newly discovered evidence or intervening

6

circumstances.  Third, KOSI did not contest his guilt.  Finally, any alleged bad advice from Nishimura was not a "fair and just reason" for withdrawing KOSI's plea because the record indicated KOSI understood he was waiving his right to appeal the denial of the motion to suppress.  Id. at 7.

> This Court ended its written order as follows:
>
>> Here, except for Defendant's testimony that he knew nothing about the appeals provision, **there is no evidence that Nishimura grossly mischaracterized anything related to Defendant's sentencing or appeal rights**.  Rather the evidence (namely the transcript from the hearing) cuts against Defendant.  Nishimura's Declaration establishes that he discussed the plea agreement with Defendant prior to the change of plea hearing.  The transcript reflects that Defendant entered into the plea knowingly and intelligently and that he was fully aware of the appeals provision.  Defendant's primary reason for seeking to withdraw his guilty plea appears to be for the sole purpose of appealing the Suppression Order.  This does not constitute a fair and just reason for withdrawing his plea.

(Emphasis added) Id. at 9-10.

**F.    KOSI's Sentencing**

On May 25, 2006, KOSI was sentenced.  At the sentencing hearing, KOSI's counsel acknowledged he had no corrections or objections to the presentence report.  Exhibit I at 2.  This Court informed the parties that it reviewed the plea agreement and was inclined to accept it unless there was an objection by the parties.  The government had no objection.  Before this Court confirmed it was to accept the plea, it asked if KOSI did not

want to accept the plea agreement, "The court hereby accepts the plea agreement finding that it does adequately represent the seriousness -- Mr. Kosi doesn't want to withdraw from his plea agreement, does he?"  Exhibit I at 3.

After conferring with KOSI, KOSI's attorney replied, "No your Honor.  What -- he just wants the right -- I believe he has the right to file a -- of appeal, an appeal of your denial of his motion to withdraw his guilty plea entered on April 5th, 2005."  Id.  This Court confirmed with KOSI's attorney that if KOSI was unable to withdraw his plea he still wanted the benefit of the plea agreement.  KOSI's attorney reiterated that KOSI wanted the benefit of the plea agreement but was still going to seek to appeal the denial of his motion to withdraw his guilty plea.  This Court then accepted the plea agreement (Exhibit I at 4-5) and sentenced KOSI to 142 months of imprisonment and a five-year term of supervised release.  Id. at 11.  On June 13, 2006, the judgment was filed.  Docket No. 79.

    **G.**    **Kosi's Appeal to the Ninth Circuit Court**

On June 23, 2006, KOSI timely filed his notice of appeal.  Docket No. 82.  On or about October 13, 2006, KOSI filed his opening brief.  On April 20, 2007, the Ninth Circuit affirmed KOSI's conviction and sentence.  Exhibit E.

    **H.    Kosi's filing of a Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.**

On March 17, 2008, KOSI submitted an Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.  Exhibit A.  On June 9, 2008, the Ninth Circuit denied KOSI's Application for Authorization to File a Second or Successive [ ] Under 28 U.S.C. § 2255 as unnecessary because KOSI had not previously filed a 28 U.S.C. 2255 motion in the District Court.  Exhibit B.

On June 19, 2008, this Court ordered the government to respond to KOSI's motion.

III. <u>DISCUSSION</u>

KOSI now claims, "There is a reasonable probability, but for Counsel's errors, I would not have pleaded guilty and went to trial."  Exhibit A at Item 15.  This is in direct conflict with KOSI's sworn testimony at his motion to withdraw guilty plea.  At that hearing, KOSI stated, "[ ] I knew I didn't have a trial case."  Exhibit H at 6.  KOSI continued, "I didn't have a trial court, so I wanted to plead guilty, get it over with and then go to the next step."  <u>Id.</u> at 6-7.

Notwithstanding, this contradiction, the record is sufficiently developed to establish that KOSI entered into a knowing, intelligent, and voluntary plea with the effective assistance of counsel.

9

Here, the basis for KOSI's current motion is a claim of ineffective assistance of counsel that does not differ from the basis for his motion to withdraw his guilty plea heard by this Court on April 7, 2005 and in his direct appeal to the Ninth Circuit. The record establishes that KOSI received adequate representation from Nishimura.

To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Because of the difficulties in evaluating attorney performance in hindsight, courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

"A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).

A guilty plea cannot be "induced by . . . misrepresentation." Signori, 844 F.2d at 638 (quoting Brady v. United States, 397 U.S. 742, 755 (1970)). We have also held that a defendant who pleads guilty in reliance on his or her attorney's "gross mischaracterization of the likely outcome" of his or her case may be entitled to withdraw the plea on ineffective assistance of counsel grounds. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986); see also United States v. Michlin, 34 F.3d 896, 899 (9th Cir. 1994) ("We have held that 'an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea,' although an exception might be made in a case of 'gross mischaracterization of the likely outcome.'") (internal quotation marks and citations omitted).

KOSI baldly asserted that he had been "induced" to enter the plea agreement which eliminated the possibility of an additional consecutive five-year term of incarceration. Despite this inducement, he still had the "expectation" that he would be able to appeal the denial of his motion to suppress. KOSI claims that the inducement was "probably through a combination of Attorney Nishimura's neglect and well-meaning but misplaced desire to see Appellant be sentenced to a shorter time in prison by getting rid of the threatened 18 U.S.C. § 924(c) firearm charge . . . ." Exhibit D at 27. Despite the Magistrate Judge's

11

comprehensive colloquy with KOSI (Exhibit J), KOSI claims his attorney allegedly failed to properly advise him that he was waiving his right to appeal the denial of his motion to suppress evidence renders his guilty plea invalid.  Exhibit D at 27.

However, in denying KOSI's motion to withdraw his guilty plea this Court stated,

> Here, except for Defendant's testimony that he knew nothing about the appeals provision, **there is no evidence that Nishimura grossly mischaracterized anything related to Defendant's sentencing or appeal rights**.  Rather, the evidence (namely the transcript from the hearing) cuts against Defendant.  **Nishmura's Declaration establishes that he discussed the plea agreement with Defendant prior to the change of plea hearing**.  The transcript reflects that Defendant entered into the plea knowingly and intelligently and that **he was fully aware of the appeals provision**.

(Emphasis added)  Exhibit F at 9-10.

Attorney Alvin Nishimura provided effective assistance of counsel to KOSI regarding KOSI's guilty plea.  Nishimura's performance did not involve any misrepresentations or gross mischaracterizations of the likely outcome.  KOSI was properly advised by Nishimura about the appeal waiver provisions.

KOSI's responses during his change of plea establish Nishmura's discussion of the appeal waiver provisions with KOSI. Exhibit J at 8-10.  KOSI's testimony at the hearing on the motion to withdraw his guilty plea confirm Nishimura's declaration that Nishimura reviewed the plea agreement with KOSI prior to the

change of plea.  Exhibit H at 8-10.  KOSI and Nishimura discussed the appeal waiver provisions and KOSI did not raise any concerns regarding the appeal waiver provisions in the plea agreement at or around the time of the plea.  Exhibit J.  Additionally, KOSI's testimony never established that KOSI was not told of the appeal waiver provisions.  Rather, KOSI's self-serving testimony proffered that he did not remember discussing the waiver of his rights to appeal.  Exhibit H at 12 and 16-17.

   KOSI argues that given only his "GED reading background," he was unable "to have any remotely meaningful level of understanding of the various terms and conditions of [the plea agreement]."  Exhibit D at 25.  However, this assertion is unsupported by the record.  After asking questions to assess KOSI's competence, Judge Chang found KOSI was "fully competent and capable of entering an informed plea."  Exhibit J at 4.  After the magistrate court completed an extensive colloquy with KOSI, it found KOSI to be "fully competent and capable of entering an informed plea, [and] that his plea of guilty is knowing and voluntary . . . ."  Id. at 20.

   On two occasions, this Court noted KOSI's intelligence.  At the hearing of KOSI motion to withdraw his guilty plea, this Court stated, "Mr. Kosi . . . is a very cool and calculating individual.  He's very intelligent.  He is quite well spoken.  He understands precisely what he is saying and what he is doing."

13

Exhibit H at 28. At KOSI's sentencing he again said of KOSI, "You're a very intelligent guy. . . ." (Exhibit I at 5).

Even when asked at the sentencing if he want to proceed with his change of plea, KOSI agreed. This Court asked if KOSI did not want to accept the plea agreement. "The court hereby accepts the plea agreement finding that it does adequately represent the seriousness -- Mr. Kosi doesn't want to withdraw from his plea agreement, does he?" Id. at 3. After conferring with KOSI, KOSI's attorney replied, "No your Honor. What -- he just wants the right -- I believe he has the right to file a -- of appeal, an appeal of your denial of his motion to withdraw his guilty plea entered on April 5th, 2005." Id. The district court confirmed with KOSI's attorney that if KOSI was unable to withdraw his plea he still wanted the benefit of the plea agreement. KOSI's attorney reiterated that KOSI wanted the benefit of the plea agreement but was still going to seek to appeal the denial of his motion to withdraw his guilty plea. The district court then accepted the plea agreement (Id. at 4-5) and sentenced KOSI to 142 months of imprisonment and a five-year term of supervised release.

Despite receiving the benefit of the bargain, which included his ability to appeal the denial of his motion withdraw his plea, KOSI still claims his plea was invalid. KOSI's "buyer's remorse" does not stem from an ineffective assistance of counsel

filled with misrepresentations or gross mischaracterizations of the likely outcome.  Rather, it derives from KOSI's belief that he made a "mistake" in pleading guilty.  Exhibit H at 16.

IV.  CONCLUSION

Based on the record established in the prior proceedings, this Court should deny this Motion.  The record establishes that KOSI received adequate representation from Nishimura.

DATED: July 18, 2008 at Honolulu, Hawaii.

Respectfully submitted,
EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By  /s/ Darren W.K. Ching
    DARREN W.K. CHING
    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

Petitioner

CHARLES HENRY KOSI, JR.
#95078-022
P.O. BOX 33
TERRE HAUTE, IN 47808

DATED: July 18, 2008 at Honolulu, Hawaii.

/s/ Kari Cadelinia
_____