IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR NO. 03-00586 DAE |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CHARLES H. KOSI, JR., | ) | |
| Defendant. | ) | |

ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA

The Court heard Defendant's Motion on April 7, 2005. Assistant United States Attorney Wes Reber Porter appeared at the hearing on behalf of the Government; Mark R. Zenger, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion to Withdraw Guilty Plea.

BACKGROUND

On December 8, 2003, the Government charged Defendant Charles H. Kosi, Jr. ("Defendant") with a drug trafficking and a firearm charge. On December 17, 2003, a federal grand jury indicted Defendant for 1) knowingly and intentionally possessing with intent to distribute 5 grams or more of

EXHIBIT F

methamphetamine and 2) knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Since the commencement of his case, Defendant has had **four** court-appointed attorneys, three from whom he affirmatively requested withdrawal based on his disagreement with the manner in which they handled his case. According to Defendant's current attorney, Mark Zenger, Defendant's disputes with his previous attorneys have centered around his position that all evidence seized by the Government is inadmissible under the "fruit of the poisonous tree doctrine."

On November 21, 2003, a routine traffic stop with local law enforcement and Defendant evolved into a car chase. After officers cornered Defendant in an elementary school parking lot, he slowed down and discarded a backpack from his vehicle. Officers recovered the backpack and arrested Defendant. The abandoned backpack contained the firearm and the distribution quantity of methamphetamine upon which the indictment against Defendant is based, as well as his identification. On October 22, 2004, Defendant moved to suppress the search of the abandoned backpack. Per the Court's Order dated March 14, 2005 ("Suppression Order"), Defendant's Motion was denied based on the fact that his version of the events was not credible and that he clearly

abandoned the backpack. Defendant desires to appeal this Suppression Order to the Ninth Circuit.

After the denial of his Motion, Defendant's previous counsel, Alvin Nishimura ("Nishimura"), entered into discussions with the Government for resolving the case by plea. The Government conveyed that if Defendant pleaded guilty to Count 1 (possession and intent to distribute more than 5 grams of methamphetamine) and agreed that a two-level firearm enhancement applied, then it would not seek a superseding indictment to add a section 924(c) violation (carrying or using a firearm in connection with a drug trafficking crime).[1] Nishimura also addressed the possibility of a downward departure for Defendant's cooperation with the Government and was told that Defendant would only be debriefed after pleading guilty. According to Nishimura, he discussed the implications of a plea agreement with Defendant, including how the plea would affect his sentencing. Nishimura further stated in his declaration that he discussed the appeals waiver provision of the plea agreement with Defendant, including the fact that the agreement would preclude the appeal of the Court's denial of the Motion to Suppress. Although Defendant initially sought to appeal the

---

[1] The implication of such a charge would be a 5-year mandatory, **consecutive** sentence.

3

Suppression Order, his focus eventually shifted from the appeal to the length of his likely term of imprisonment.

Prior to Defendant's April 5, 2005 Change of Plea hearing, Nishimura reviewed the plea agreement with Defendant. On April 5, 2005, Defendant appeared before Magistrate Judge Chang and pleaded guilty to Count 1. During the hearing, both AUSA Porter and Judge Chang verbally explained the appeals waiver provision of the plea agreement. When asked if he understood these specific terms of the agreement, Defendant repeatedly answered in the affirmative. Now, one year later, Defendant claims to have been completely unaware of the appeals provision of the plea agreement, which precludes him from appealing the Court's Suppression Order. At the hearing for the instant Motion, Defendant testified that he only saw the plea agreement ten minutes before the change of plea hearing; that he does not recall if Nishimura went over the appeals provision; that he answered in the affirmative when asked questions at the change of plea hearing because he was scared; and that he now regrets taking bad advice from Nishimura.

In October 2005, Probation issued a Presentence Report for the instant case. Defendant did not file any response to the report. Defendant's sentencing was originally set for December 12, 2005. It was continued 2 times. **One day prior** to the latest sentencing date of March 3, 2006, Defendant filed the instant

4

Motion to Withdraw Guilty Plea. On March 28, 2006, the Government filed its Opposition to Defendant's Motion.

## DISCUSSION

Defendant moves to withdraw his guilty plea on the grounds that it was not entered into intelligently, knowingly and voluntarily and because he allegedly received bad advice from Nishimura. Defendant specifically argues that he truly did not believe that anything in the plea agreement affected his right to appeal the Suppression Order. He claims that from the time of his arrest, he has maintained a good faith belief that all the evidence against him was obtained as a result of an illegal search and seizure. Because Nishimura allegedly gave him bad advice, i.e. not informing him that he could not appeal the Suppression Order, Defendant asserts that he should be entitled to withdraw his guilty plea given that he moved to do so **before** sentencing.[2]

The Government counters that Defendant's Motion should be denied for a lack of a "fair and just reason." Rather than withdrawing for reasons such as newly discovered evidence, intervening circumstances, claims or coercion or involuntariness, or any other reasons that did not exist when the plea was entered

---

[2] He only filed the motion **one day** before sentencing and almost exactly **one year** after he entered his guilty plea.

into, the Government asserts, Defendant simply is unsatisfied with his deal and desires to proceed in a more favorable way. The Government notes that Defendant waited until the eve of sentencing to raise his Motion (nearly a year after pleading guilty) and now has the benefit of the presentence report and knowledge that the Government does not plan to file a downward departure on his behalf, two pieces of information that he (as with other defendant pleading guilty) was not privy to at the time he entered his guilty plea.

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a guilty plea before sentencing when "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). It is the defendant's burden to demonstrate a fair and just reason for withdrawing a plea. United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005). This standard is to be applied liberally. Id. (citing United States v. Garcia, 401 F.3d 1008, 1011 (9th Cir. 2005)). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, <u>or any other reason for withdrawing the plea that did not exist when the defendant entered his plea</u>." Id. (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)) (quotations omitted).

6

It is clear in the instant case that Defendant lacks a fair and just reason for withdrawing his guilty plea. First, the Rule 11 plea colloquy was more than sufficient. Upon review of the transcript of the Withdrawal of Guilty Plea and to Plead Anew, it is apparent to the Court that Judge Chang carefully and clearly explained the implications of Defendant's plea and took all necessary steps to ensure that Defendant entered into the plea knowingly and voluntarily. Second, Defendant has not presented any newly discovered evidence or intervening circumstances to warrant the withdrawal of the plea. Third, Defendant has not contested his guilt. Last, although Defendant now asserts that he received bad advice from Nishimura, this argument does not establish a fair or just reason for withdrawing his plea now.

Defendant bases his entire argument now on the alleged bad advice he received from Nishimura. He claims to have only seen the plea agreement minutes before the hearing and also claims that he was completely unaware of the restrictions imposed by the plea agreement on his ability to appeal the Suppression Order. Yet, upon examination of the transcript of his hearing, Defendant repeatedly affirmed that Nishimura explained the terms of the agreement; that he was freely entering a plea of guilty; and that he understood the limitations on appeal (after both AUSA Porter and Judge Chang summarized the terms of the plea

7

agreement, with specific emphasis on the appeals provision of the agreement). Moreover, when asked by Judge Chang if he was satisfied with Nishimura's representation, Defendant responded "Yes, I am very." Defendant's sudden change of heart on the eve of sentencing calls into question his motivation for withdrawing his plea.

According to Defendant's testimony at the hearing for the instant Motion, if he is permitted to withdraw his guilty plea, he would be willing to plea to the methamphetamine charge and the § 924(c) charge (which the Government agreed not to charge him with under the terms of the plea agreement, but which carries a **five-year** mandatory **consecutive** sentence) so that he can preserve his right to appeal the Suppression Order. As the Government points out, Defendant now has the benefit of the presentence report and the knowledge that the Government has not filed a motion for downward departure on his behalf. It is also important to emphasize that Defendant is now on his fourth appointed counsel. One must wonder whether he will ever be satisfied with his representation.

If Nishimura in fact failed to properly represent the terms of the plea agreement or unilaterally decided to not appeal the Suppression Order, this might justify the withdrawal of the guilty plea. But as already discussed, Defendant claimed to be satisfied with his representation during the hearing and repeatedly

affirmed that he understood the appeals provision even though he now claims to have been completely unaware of the restrictions on appeal. Nishimura, in his declaration, has represented that he reviewed the plea agreement with Defendant and that Defendant understood the provisions of said agreement, including the appeals provision. Indeed, it is of significance that Defendant claims to have unwittingly conceded to the terms of the agreement in the change of plea hearing based on bad advice, but waited a year to raise the issue.

Defendant relies on Davis to support his argument that bad advice from Nishimura is a fair and just reason for withdrawing his guilty plea. However, Davis is distinguishable. In Davis, the defendant's attorney "grossly mischaracterized" the sentence that the defendant would receive - specifically, the attorney represented that if the defendant pleaded guilty, his likely sentence would be probation to eight years. It was not until the presentence report was issued that the defendant learned about the gross mischaracterization; that in fact, it was nearly impossible under the sentencing guidelines that the defendant would be sentenced to probation or anything close to it.

Here, except for Defendant's testimony that he knew nothing about the appeals provision, there is no evidence that Nishimura grossly mischaracterized anything related to Defendant's sentencing or appeal rights. Rather, the evidence

9

(namely the transcript from the hearing) cuts against Defendant. Nishimura's Declaration establishes that he discussed the plea agreement with Defendant prior to the change of plea hearing. The transcript reflects that Defendant entered into the plea knowingly and intelligently and that he was fully aware of the appeals provision. Defendant's primary reason for seeking to withdraw his guilty plea appears to be for the sole purpose of appealing the Suppression Order. This does not constitute a fair and just reason for withdrawing his plea.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Withdraw Guilty Plea.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2006.



David Alan Ezra
United States District Judge

United States of America v. Charles H. Kosi, Jr., CR No. 03-00586 DAE; ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

**Porter, Wes (USAHI)**

**From:** hid_resp@hid.uscourts.gov
**Sent:** Tuesday, April 11, 2006 11:05 AM
**To:** hawaii_cmecf@hid.uscourts.gov
**Subject:** Activity in Case 1:03-cr-00586-DAE USA v. Kosi "Order"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

District of Hawaii - CM/ECF V2.5 (11/05)

Notice of Electronic Filing

The following transaction was received from emt, entered on 4/11/2006 at 11:05 AM HST and filed on 4/11/2006
**Case Name:** USA v. Kosi
**Case Number:** 1:03-cr-586
**Filer:**
**Document Number:** 74

**Docket Text:**
ORDER Denying Defendant's Motion to Withdraw Guilty Plea as to Charles H. Kosi, Jr [68] - Signed by Judge DAVID ALAN EZRA on 4/11/06. (emt, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=4/11/2006] [FileNumber=64547-0]
[438c6a051c51c24f3c3854201a35107bbd32bd7b1e134436a384002bde0e274106d42
59a24354481fce6845a1008c6376d4599c0d796722d9f8ec9801c8b1f03]]

**1:03-cr-586-1 Notice will be electronically mailed to:**

Wes Porter    wes.porter@usdoj.gov, cheri.abing@usdoj.gov; USAHI.ECFMajorCrimes@usdoj.gov

**1:03-cr-586-1 Notice will be delivered by other means to:**

Mark R. Zenger
Richards & Zenger
PO Box 3966
Lihue, HI 96766

4/11/2006