1

```
1                IN THE UNITED STATES DISTRICT COURT

2                     FOR THE DISTRICT OF HAWAII

3    UNITED STATES OF AMERICA,      )    CRIMINAL NO. 03-00586DAE
                                    )
4                  Plaintiff,       )    Honolulu, Hawaii
                                    )    May 25, 2006
5         vs.                       )    3:10 p.m.
                                    )
6    CHARLES H. KOSI, JR.,          )    SENTENCING TO COUNT 1
                                    )     OF THE INDICTMENT
7                  Defendant.       )
     _____)
8
                         TRANSCRIPT OF PROCEEDINGS
9              BEFORE THE HONORABLE DAVID ALAN EZRA,
                     UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     For the Government:            WES REBER PORTER, Esq.
12                                  Assistant U.S. Attorney
                                    District of Hawaii
13                                  Room 6100 - PJKK Federal Bldg.
                                    300 Ala Moana Blvd.
14                                  Honolulu, Hawaii 96813

15   For the Defendant:            MARK R. ZENGER, Esq.
                                   Richards & Zenger, A Law Corp.
16                                 P.O. Box 3966
                                   Lihue, Hawaii 96766
17

18

19

20   Official Court Reporter:     Cynthia Fazio, RMR, CRR
                                   United States District Court
21                                 P.O. Box 50131
                                   Honolulu, Hawaii 96850
22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

EXHIBIT I

CASE

```
 1   THURSDAY, MAY 25, 2006                     3:10 P.M.

 2            THE CLERK:  Criminal 03-586DAE, United States of

 3   America versus defendant Charles Kosi, Jr.

 4            This case is being called for a Sentencing.

 5            Counsel, please state your names for the record.

 6            MR. PORTER:  Good afternoon, Your Honor.  Wes Porter

 7   on behalf of the United States.  With me at counsel's table,

 8   Special Agent Gery Graham from ATF.

 9            THE COURT:  All right.  Good afternoon.

10            MR. ZENGER:  Good afternoon, Your Honor.  Mark Zenger

11   on behalf of the defendant, Charles H. Kosi, Jr., who is also

12   present.

13            THE COURT:  All right.  Good afternoon.  How are you,

14   Mr. Kosi?

15            THE DEFENDANT:  I'm fine, Your Honor.

16            THE COURT:  All right.  You can be seated.

17            Have you had an opportunity to go over the presentence

18   report with Mr. Kosi and file your objections?

19            MR. ZENGER:  Yes, Your Honor.  We -- we don't have

20   any.  I mean we have no objections, corrections or objections

21   to it.

22            THE COURT:  Okay.  The court has had an opportunity to

23   go over the plea agreement and the court is inclined to accept

24   it at this time unless there is some objection from counsel.

25            MR. PORTER:  No objection from the United States.
```

1             MR. ZENGER:  The only thing we would say, Your Honor,

2      we had a hearing on the matter a month or so ago, you were

3      here, of course, and Mr. Kosi's planning on appealing that

4      ruling, but --

5             THE COURT:  That's okay.

6             MR. ZENGER:  Yeah, that's -- we just put that on the

7      record just so -- you asked if there's anything to say, and

8      I've said it.  He wants it said, so now it's been said.

9             THE COURT:  Listen, Mr. Kosi has absolutely the right

10      to appeal.

11             THE DEFENDANT:  Thank you, Your Honor.

12             THE COURT:  The court hereby accepts the plea

13      agreement finding that it does adequately represent the

14      seriousness -- Mr. Kosi doesn't want to withdraw from his plea

15      agreement, does he?

16                  (Counsel and client conferring.)

17             MR. ZENGER:  No, Your Honor.  What -- he just wants

18      the right -- I believe he has the right to file a -- of appeal,

19      an appeal of your denial of his motion to withdraw his guilty

20      plea entered on April 5th, 2005.

21             THE COURT:  Yeah.

22             MR. ZENGER:  That's what -- I think that's the basis

23      for his appeal.

24             THE COURT:  So -- but basically his feeling is that if

25      the guilty plea stands, he wants the plea agreement; is that

4

1    right?

2              MR. ZENGER:  That's my understanding.

3                    (Counsel and client conferring.)

4              MR. PORTER:  Your Honor, I can --

5              THE COURT:  But the problem is the plea agreement has

6    a provision in it that he waives his right to appeal.

7              MR. PORTER:  Right, and that was the nature of the

8    earlier hearing is that he wanted to withdraw from the -- he

9    wanted to withdraw his guilty plea, plead anew without a plea

10   agreement.  That's what we addressed in our last hearing.  The

11   court denied that.

12             THE COURT:  So, I'm going to accept the plea agreement

13   at this time.

14             MR. PORTER:  Right.  Yeah, and he's going to appeal

15   the court's decision on that last hearing.

16             THE COURT:  Yeah, that's basically what it --

17             MR. ZENGER:  Right.  I didn't say it very artfully,

18   but that's what I meant, Your Honor.

19             THE COURT:  Okay.  All right.  You know, it's been a

20   little while and I've had a lot of cases in between, so I

21   wanted to be sure I got this right.  And you've refreshed me

22   and I thank you.

23             So the court accepts -- pursuant to my earlier ruling,

24   the court accepts the plea agreement finding that it does

25   adequately reflect the seriousness of the offense behavior and

5

1    does not undermine the statutory purposes of sentencing.

2            Now, when I said earlier to you, Mr. Kosi, that you

3    have the right to appeal, I did not -- you have waived your

4    right to appeal, but you have the right to go to the Ninth

5    Circuit and ask them to set that aside.  Whether they grant it

6    is another story.  Okay.  You understand what I'm saying?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  I'm not agreeing with you that you have

9    the right to appeal, but I do agree that you have the right to

10   ask the Ninth Circuit whether you have a right to appeal.

11   Okay?

12           THE DEFENDANT:  I understand.

13           THE COURT:  You understand what I'm saying?

14           THE DEFENDANT:  Yes.

15           THE COURT:  You're a very intelligent guy, so I'm sure

16   that you do.

17           MR. ZENGER:  Just to make the record clear, we did

18   discuss it, Mr. Kosi and I, what his options are.

19           THE COURT:  Oh, yeah.  No, Mr. Kosi is a very

20   intelligent guy.  He's not -- I get some in here that aren't so

21   intelligent, but Mr. Kosi is.

22           On April the 5th, 2005, the defendant pled guilty to

23   possession with intent to distribute 5 grams or more of

24   methamphetamine, in violation of 21 U.S.C. Section

25   841(b)(1)(B), which is a Class B felony.

1          The court adopts the factual statements contained in

2     the presentence report to which there were no objections, and

3     there were none.  And the court also adopts the conclusions as

4     to the applicable guidelines in the presentence report to which

5     there were no objections, and there were none.

6          Therefore the offense level for the advisory

7     guidelines is 27, the criminal history category is six, the

8     imprisonment range is 130 to 162 months, probation is not

9     authorized, 4 to 5 years of supervised release, and a fine of

10    12,500 to $2 million.  And there were no motions for downward

11    departure.

12          MR. PORTER:  That's correct, Your Honor.

13          THE COURT:  Okay.  Mr. Zenger?

14          MR. ZENGER:  Your Honor, there's not a lot to say that

15    hasn't been said already.  You've had a lot of contact with

16    Mr. Kosi and you're certainly in a position to judge who and

17    what kind of a person he is.

18          We would ask that the court sentence him towards the

19    lower end of the guidelines, 130 months, and give him the --

20    and recommend the 500-hour drug program which would enable him

21    to participate in that and perhaps knock some time off if he

22    were to successfully complete that.  I believe that the record

23    shows that he's the kind of a person that could benefit from

24    that.

25          His adjustment, as far as I can tell from the reports

1    since he's been incarcerated, has been satisfactory and I think

2    there's every reason to believe that he might benefit from that

3    program.

4            And that's basically all we have to say, Your Honor.

5            Oh, one other thing.  While he doesn't have in my view

6    grounds for a departure because of medical, he's a very healthy

7    looking individual, he did have --

8            THE COURT:  I am well aware of his medical history.

9            MR. ZENGER:  Okay.  I think he's got a request to go

10   to somewhere where he's --

11           THE COURT:  Yeah, I'm very concerned, you know -- you

12   know, I have absolutely nothing personal against Mr. Kosi in

13   any way.  You know, the fact that I denied his motion was

14   because I didn't think legally or factually he was entitled to

15   it, but not because I had personal animus against him.  I don't

16   want him to be sick, I want him to get well.  And I know about

17   his many medical conditions, I don't need to put it on the

18   record here and embarrass him, I know what it is.

19           So what I'm going to do is to recommend for him drug

20   treatment, mental health treatment, and that's just counseling

21   to help you adjust to -- not because I think you're mentally

22   ill, because you're not, this is more counseling.  Vocational

23   training, education and medical treatment.  I'm going to

24   recommend that you be sent to an institution that has an actual

25   clinic in it or a federal medical facility so that you can

1    actually receive physician/doctor's treatment.  Yes?

2                THE DEFENDANT:  If it's possible to -- to be at Dallas

3    Fort Worth, Texas.

4                THE COURT:  I'll recommend that.

5                THE DEFENDANT:  Thank you.

6                MR. ZENGER:  Nothing further after that, Your Honor.

7                THE COURT:  Do you have anything else you would like

8    to say, Mr. Kosi, before sentencing?

9                THE DEFENDANT:  No, Your Honor.

10               THE COURT:  Okay.

11               MR. PORTER:  Yes, Your Honor.  It's really two things

12   in this case that are driving it and they're both derived from

13   criminal history.

14               First thing has to do with his pattern of violence in

15   criminal history.  All you have to do is look through some of

16   the criminal history paragraphs of the presentence report, I

17   know the court has, having to do with the assaults in

18   particular, you know, some of the resisting arrests, assault on

19   police officers, and you take those type of prior convictions

20   in conjunction with some of the other just general disrespect

21   to the law, disrespect to the judicial system type of offenses

22   and numerous contempts, violations of protecting orders,

23   escapes where, you know, you're cutting off electronic

24   monitoring device.  For a 37-year-old guy he's got 19 criminal

25   history points, as I know the court is aware, is well off the

1    charts of 13 being the max of criminal history six.  Some other

2    assistants in my position could have, you know, in criminal

3    history alone, brought up -- made a motion before the court for

4    an upward departure just that his criminal history was

5    underrepresented.

6          I didn't do that.  I feel the appropriate argument

7    given the offense conduct is just to make an argument that

8    within the guidelines is the appropriate sentence, but it's got

9    to be a guideline sentence and it's probably got to be a middle

10   to the high end of the guideline sentence given his criminal

11   history.

12         And you couple that with, you know, you have a guy

13   with a pattern of violence like this, particularly a

14   37-year-old man, you know, and the offense at issue in this

15   case is, you know, driving around the streets of Maui with a

16   gun, with distribution amount of drugs, and then when you're

17   about to be pulled over by the police, you know, giving chase

18   and throwing the bag outside of the car.  I mean it's not the

19   crime of the century, but still, combining drugs and guns with

20   a history of violence and disrespect for the law, I don't

21   think -- I don't think we have much of a choice other than a

22   guideline sentence in this case.

23         THE COURT:  Well, there is no question that Mr. -- and

24   Mr. Kosi is a smart guy, he knows what he's done, he's got a

25   very, very substantial criminal history and it just is a shame

1   because, as I said, he is a very intelligent guy and certainly

2   could have channeled his intelligence into more productive

3   things.  And that's the sad part of it.  And, you know, he

4   faces, you know, all of his criminal history points because of

5   this problem and I just hate to see it.

6          I mean I don't think he -- in spite of the fact that

7   he's got all these criminal history points, I mean I think that

8   there is a possibility -- I know people are going to think I'm

9   crazy here -- but I think there's a possibility that Mr. Kosi

10  could actually come out of jail and become a productive

11  citizen.  I think there is a possibility because, you know,

12  there comes a point where you just say to yourself enough is

13  enough.

14         And regardless of how his appeal turns out, the fact

15  of the matter is that, you know, Mr. Kosi has a long, long

16  history of criminal behavior and he's got a pretty serious

17  medical history.  And those are not good combinations.  I mean

18  it's like mixing oil and water and setting a match to it.  You

19  know, it just burns off the top.  And I think that the bottom

20  line is that kind of enough is enough already, you know.

21         I think that when you come out, Mr. Kosi, you're going

22  to be, I don't know, 37, 47 -- probably be in your early --

23  late 40s, early 50s, something like that, and so you're going

24  to have a lot of life ahead of you.  And you need to put it to

25  productive use.  You don't need to come out and commit any more

1    offenses because the next time they're just going to lock you

2    up forever because you're just going to be in such a high

3    criminal history, you're going to be one of these mandatory

4    career criminals and you're never going to come out.  And you

5    don't want to be like the Birdman of Alcatraz, you know, spend

6    a whole life in and they finally let you out when you're

7    90 years old out of compassion as you're dying.  You don't want

8    that.  So I think you need to try to take advantage.

9            I'm going to recommend drug treatment, mental health

10   treatment, vocational training, education and medical

11   treatment.  And I'm going to recommend that you be -- as I told

12   you.  I'm going to recommend the Dallas facility and that

13   you -- I'm going to make note of your multiple medical issues

14   that need to be treated because I think you're entitled to have

15   those medical conditions taken care of.  I don't -- I don't

16   think it would be fair if you were sent someplace where you

17   couldn't have good treatment for your medical issues.

18           Pursuant to the Sentencing Reform Act of 1984, it is

19   the judgment of the court that the defendant Charles Kosi is

20   committed to the custody of the Attorney General of the United

21   States, or his authorized representative, to be imprisoned for

22   142 months.

23           After he has completed the term of imprisonment he

24   must serve a five-year term of supervised release.

25           During the term of supervised release he is to abide

1    by the following conditions:

2              Shall abide by the standard conditions of supervision.

3              Shall not commit any federal, state or local crimes.

4              Shall not possess any illegal controlled substances.

5              Shall cooperate in the collection of DNA as directed

6    by the probation officer.

7              Shall refrain from any unlawful use of a controlled

8    substance.

9              And shall submit to one drug test within 15 days of

10   commencement of supervision and at least two drug tests

11   thereafter but no more than eight valid drug tests.

12             Shall not possess a firearm, ammunition, destructive

13   device or any other dangerous weapon.

14             Prohibited from possession of and use of alcohol, and

15   shall participate in and comply with substance abuse treatment

16   and drug and alcohol testing as approved by the probation

17   office.

18             Shall undergo a mental health assessment, and if

19   recommended, participate in a mental health program or

20   counseling.

21             And shall submit his person, residence, place of

22   employment or vehicle to a search conducted by the probation

23   office at a reasonable time and in a reasonable manner based

24   upon a reasonable suspicion of contraband or evidence of a

25   violation of a condition of supervision.  And failure to submit

1     to such a search may be grounds for revocation.

2              And you must pay a $100 special assessment.

3              Because you have waived your right to appeal, you

4     don't have any appeal available to you under your plea

5     agreement, but you do have the right to challenge your sentence

6     later based upon your allegation, if you wish to make one, of

7     ineffective assistance of counsel.  I say that not because I

8     believe Mr. Zenger has been ineffective, quite to the contrary,

9     but rather because it's my obligation to advise you of your

10    right to make that allegation if you wish at a later time.

11             Now, in advising you of your right not to appeal,

12    that's under your plea agreement, but I do understand that you

13    intend to appeal the fact that I have denied your ability to

14    withdraw from your plea agreement.  Okay.  You do have that

15    right.  Okay?

16             THE DEFENDANT:  Yes.

17             THE COURT:  I've -- in imposing sentence here I have

18    looked carefully at all the 3553 factors, and I kind of call it

19    the whole-person sentencing, and I don't think that you deserve

20    the high end of the guidelines, but then again your criminal

21    history is such that you don't deserve the low end either.  So

22    that's why I imposed what I think is a fair sentence in about

23    the middle.

24             Is there anything else from the government?

25             MR. PORTER:  Just move to dismiss Count 2 at this time

1    pursuant to the plea agreement.

2            THE COURT:  Motion is granted.

3            I'm also going to recommend for you the 500-hour drug

4    treatment program.  If you can complete that successfully you

5    can knock as much as a year to a year-and-a-half off your

6    sentence.  Okay?

7            THE DEFENDANT:  Yes, Your Honor.  Thanks.

8            THE COURT:  They won't give it to you unless I

9    recommend it.

10           MR. ZENGER:  One other matter, Your Honor.  I've told

11   Mr. Kosi this, but I think he wants to hear the court say it.

12   That the 10 days for him to file his Notice of Appeal starts to

13   toll not today but when the court actually files the written

14   sentencing judgment.

15           THE COURT:  That's right.  It's 10 days from the entry

16   of judgment.  Okay?  It's 10 days from the entry of the actual

17   judgment.  Okay?

18           THE DEFENDANT:  (Nods head up and down).

19           MR. ZENGER:  Thank you, Your Honor.

20           THE COURT:  But don't let the time pass.

21           MR. ZENGER:  Right.

22           THE DEFENDANT:  Yeah.

23           MR. ZENGER:  No, we won't, Your Honor.

24           THE COURT:  Okay.  Anything else?

25           MR. PORTER:  No, Your Honor.  Thank you.

15

1          MR. ZENGER:  No, Your Honor.

2          THE COURT:  Okay.  Thank you.  You can be excused.

3    Good luck, Mr. Kosi.

4          THE DEFENDANT:  Thank you, Your Honor.

5          (The proceedings concluded at 3:27 p.m., May 25,

6    2006.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

1          COURT REPORTER'S CERTIFICATE

2

3          I, CYNTHIA FAZIO, Official Court Reporter, United

4  States District Court, District of Hawaii, Honolulu, Hawaii, do

5  hereby certify that the foregoing pages numbered 1 through 15

6  is a correct transcript of the proceedings had in connection

7  with the above-entitled matter.

8

          DATED at Honolulu, Hawaii, November 8, 2006.

9

10

11                        /s/ Cynthia Fazio
                          CYNTHIA FAZIO, RMR, CRR

12

13

14

15

16

17

18

19

20

21

22

23

24

25