UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 03-00586DAE |
| | ) | |
| Plaintiff, | ) | Honolulu, Hawaii |
| | ) | April 5, 2005 |
| | ) | 11:10 a.m. |
| v. | ) | |
| | ) | |
| CHARLES H. KOSI, JR., | ) | COPY |
| | ) | |
| Defendant. | ) | |

TRANSCRIPT OF WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD ANEW
BEFORE THE HONORABLE KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Plaintiff:          U.S. ATTORNEY'S OFFICE
                            By: WES PORTER, ESQ.
                            300 Ala Moana Boulevard, #6100
                            Honolulu, Hawaii 96813

For the Defendant:          ALVIN NISHIMURA, ESQ.
                            1164 Bishop Street, #510
                            Honolulu, Hawaii 96813

Transcriber:                Jessica B. Cahill
                            P.O. Box 1652
                            Wailuku, Maui, Hawaii 96793
                            Telephone: (808)244-0776

Proceedings recorded by electronic sound recording, transcript
produced by transcription service

**EXHIBIT J**

1           THE CLERK:   This Honorable Court is now in session.

2   You may be seated.   Criminal number 03-586DAE, United States of

3   America versus Charles H. Kosi, Jr.   This case has been called

4   for a hearing on a motion for withdrawal of not guilty plea and

5   to plead anew.

6           MR. PORTER:   Good morning, your Honor, Wes Porter on

7   behalf of the United States.

8           THE COURT:   Good morning.

9           MR. NISHIMURA Good morning, your Honor, Al Nishimura

10  for Charles Kosi who is present.

11          THE COURT:   Good morning.   Mr. Kosi, is it your

12  intention this morning to plead guilty to Count 1 of the

13  indictment?

14          THE DEFENDANT:   Yes, your Honor.

15          THE COURT:   Before I can accept your guilty plea I

16  must know that you understand what you are doing, that you're

17  pleading guilty freely and voluntarily --

18          THE DEFENDANT:   Yes, sir, your Honor.

19          THE COURT:   -- that's there is a factual basis for

20  your change of plea and that the ends of just would be met to

21  allow you to change your plea.   To make sure that you understand

22  I'm going to ask you some questions.   If you do not understand

23  any of the words or the questions will you please say so?

24          THE DEFENDANT:   Yes, your Honor.

25          THE COURT:   All right.   Would you administer the oath?

1                          CHARLES H. KOSI, JR.

2  Was called by the Court and after having been first duly sworn

3  was examined and testified as follows:

4          THE COURT:  Mr. Kosi, what is your full name?

5          THE DEFENDANT:  Charles Henry Kosi, Jr.

6          THE COURT:  And how old are you?

7          THE DEFENDANT:  36.

8          THE COURT:  How far did you go in school?

9          THE DEFENDANT:  Ninth grade.

10          THE COURT:  Have you taken any medication, alcohol or

11  drugs of any kind today?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  Do you feel well and alert today?

14          THE DEFENDANT:  Yes, I do.

15          THE COURT:  Do you understand what is going on?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Mr. Kosi, have you been treated recently

18  for any mental illness or addiction to narcotic drugs of any

19  kind?

20          THE DEFENDANT:  Just heart medication.  That -- that's

21  it.

22          THE COURT:  You're taking hypertension medication?

23          THE DEFENDANT:  No.  No.  No, your Honor.

24          THE COURT:  Are you taking any kind of medicine for

25  your heart condition?

1        THE DEFENDANT:  Yes, I'm taking Propranolol, Lasix and

2   Coumadin.  Blood thinners and blood pressure medications.

3        THE COURT:  Okay.  Do any of those medications in any

4   way affect your ability to comprehend what is going on today?

5        THE DEFENDANT:  No, your Honor.

6        THE COURT:  All right.  Mr. Nishimura, to the best of

7   your knowledge is the defendant fully competent to enter a valid

8   plea today?

9        MR. NISHIMURA: Yes, your Honor.

10       THE COURT:  The Court finds that the defendant is

11  fully competent and capable of entering an informed plea.  Mr.

12  Kosi, if you choose to enter a guilty plea in this case you have

13  the right to enter that plea before a United States District

14  Judge.

15       If you consent, however, you may enter your guilty

16  plea before me a United States Magistrate Judge.  If you enter a

17  guilty plea here today Judge Ezra would impose sentence at a

18  later hearing.  Do you understand that?

19       THE DEFENDANT:  Yes, your Honor.

20       THE COURT:  I have before me a document entitled

21  consent to Rule 11 plea in a felony case before a United States

22  Magistrate Judge.  Did you sign this document?

23       THE DEFENDANT:  Yes, I just did.

24       THE COURT:  Is it your wish to consent to enter your

25  guilty plea before me a United States Magistrate Judge and to

1  give up or waive your right to enter that plea before a United

2  States District Judge?

3          THE DEFENDANT:  Yes, it is, your Honor.

4          THE COURT:  Mr. Nishimura, have you discussed the

5  consent form with your client?

6          MR. NISHIMURA:  I did, your Honor.

7          THE COURT:  And are you satisfied that he understands

8  it?

9          MR. NISHIMURA:  Yes.

10          THE COURT:  Have you also signed the document?

11          MR. NISHIMURA:  Yes, your Honor.

12          THE COURT:  The Court finds that the defendant has

13  consented to enter his plea before a United States Magistrate

14  Judge.

15          Mr. Kosi, have you received a copy of the indictment

16  pending against you in this case that is the written charges

17  made against you in this case?

18          THE DEFENDANT:  Yes, I have, your Honor.

19          THE COURT:  Have you fully discussed the charges and

20  all of the facts surrounding the charges with Mr. Nishimura your

21  attorney?

22          THE DEFENDANT:  Yes, I have, your Honor.

23          THE COURT:  Are you fully satisfied with the legal

24  representation that you've received from Mr. Nishimura your

25  attorney in this case?

1           THE DEFENDANT:  Yes, I am very.

2           THE COURT:  Mr. Nishimura, is the defendant's guilty

3    plea before the Court today pursuant to your advice and

4    recommendation?

5           MR. NISHIMURA:  Yes, your Honor.

6           THE COURT:  Mr. Kosi, the Court's been furnished with

7    a written plea agreement.  Is this your signature on the last

8    page?

9           THE DEFENDANT:  Yes, it is, your Honor.

10          THE COURT:  Did you have an opportunity to read and

11   discuss the plea agreement with your lawyer before you signed

12   it?

13          THE DEFENDANT:  Yes, I have, your Honor.

14          THE COURT:  Do you understand the terms of the plea

15   agreement?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Does the plea agreement cover every aspect

18   of the agreement that you have with the Government in this case?

19          THE DEFENDANT:  Yes, it does.

20          THE COURT:  Has anyone made any other or different

21   promise or assurance of any kind to you in an effort to get you

22   to plead guilty?

23          THE DEFENDANT:  No one has.

24          THE COURT:  Has anyone attempted to force you to plead

25   guilty, or to pressure you, or threaten you in any way?

1          THE DEFENDANT:  No, one has, your Honor.

2          THE COURT:  Mr. Porter, would you summarize the major

3    terms of the plea agreement?

4          MR. PORTER:  Yes, your Honor.  The major terms of the

5    plea agreement between this defendant and the United States are

6    as follows.  Pursuant to paragraph 4, the defendant will enter a

7    voluntary plea to Count 1 of the indictment charging him with

8    possession with intent to distribute five or more grams of

9    methamphetamine.

10          Basically, in exchange for his plea we will not charge

11   him with any additional offenses arising out of the traffic stop

12   of November 21st, 2003.  We further agree to dismiss Count 2 of

13   the indictment after sentencing.

14          The defendant understands pursuant to paragraph 7 and

15   its subparagraphs, the maximum -- the maximum punishment set

16   forth in paragraph 7A and the mandatory minimum that accompanies

17   the charge to which he is pleading guilty here today.  The

18   defendant understands the facts set out in paragraph 8 and its

19   subparagraphs.

20          The defendant understands that ordinarily he would

21   have the right to -- I'm sorry.  Pursuant to paragraph 6 and

22   paragraph 10, subparagraph B, there's also an offense level

23   stipulation that's based in evidence pursuant to Section 2D1.1B1

24   of the United States Sentencing Guidelines.  The parties agree

25   that the firearm enhancement to the -- the drug guideline will

1  be applied -- will apply in this case.

2          In paragraph 8, starting with paragraph -- on page 8,

3  starting with paragraph 13, the defendant is aware that he

4  ordinarily has a right to appeal his sentence.  And he

5  understands that the plea of guilty here to Count 1 today he

6  knowingly waives his right to appeal his sentence except for a

7  limited instance that's set out in paragraph 13B.  And that is

8  that he -- he may appeal on that part of the sentence which

9  represents above the applicable sentencing guideline at

10  sentencing.

11          The defendant also understands that he would

12  ordinarily have the right to collaterally attack his sentence

13  and that he waives the right to collaterally attack his sentence

14  except for two limited instances.  That is the portion of the

15  sentence which is above the applicable sentencing guideline at

16  sentencing, or based on a claim of ineffective assistance of

17  counsel.

18          Defendant also understands that by pleading guilty he

19  waives his right strictly associated with a jury trial, the

20  right to a public trial, the right to a speedy trial, his

21  privilege against self-incrimination, the right to have --

22  cross-examine witnesses of the Government, the right to compel

23  witnesses to be at trial.

24          The defendant also understands that by pleading guilty

25  here today and in terms of his plea agreement with the United

1   States that he would be giving up his right to a jury trial and

2   the rights associated with it.

3           This is also a standard cooperation agreement with the

4   United States where the defendant understands that he will

5   cooperate with the United States, and if he's asked to testify

6   truthfully at any trials, hearings or other proceedings, or if

7   he's asked to, he will make himself available to speak with the

8   United States and cooperate fully.

9           The defendant understands that it's the prerogative of

10  the United States pursuant to 5K1.1 of the United States

11  Sentencing Guidelines and the Federal Criminal Rule of Procedure

12  35B that we may move for a downward departure based on

13  substantial assistance to the authorities that the defendant may

14  or may not have provided.  The defendant understands that

15  decision rests entirely with the prosecution in this case.

16  Those are the essential terms of the plea agreement between this

17  defendant and the United States, your Honor.

18          THE COURT:  Mr. Kosi, does that accurately state your

19  agreement with the Government?

20          THE DEFENDANT:  Yes, your Honor, it does.

21          THE COURT:  Do you understand that you are waiving or

22  giving up all of your rights to appeal except for two

23  situations.  First, if Judge Ezra imposes a sentence above the

24  advisory sentencing guideline; and, secondly, in the -- in the

25  event of ineffective assistance of counsel.

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you fully understand the charge covered

3    by the plea agreement, Mr. Kosi?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  What are the maximum possible penalties

6    with regards to Count 1 of the indictment, Mr. Porter?

7          MR. PORTER:  Your Honor, with regard to Count 1 of the

8    indictment and pursuant to Title 21, United States Code, Section

9    841(A)(1), it's up to 40 years imprisonment, mandatory minimum

10   of five years imprisonment, a fine of up to $2 million, a

11   supervised release term of not less than four years up to life,

12   and a $100.00 special assessment.

13         THE COURT:  Mr. Nishimura, do you agree with that

14   summary as to the possible penalties?

15         MR. NISHIMURA:  Yes, your Honor.

16         THE COURT:  Mr. Kosi, do you understand that these are

17   the possible penalties that you face if you enter a guilty plea

18   to the charge in this case?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  During the period of supervised release

21   you must comply with a set of conditions which will be explained

22   to you by your probation officer.  Those conditions will include

23   requirements that you obey the law, that you report as required

24   to the probation officer, and other conditions.

25         If the Court finds that you violated any of those

1  conditions you could be required to serve additional prison

2  time.  Do you understand that?

3          THE DEFENDANT:  Yes, I do, your Honor.

4          THE COURT:  Are you presently on probation, parole or

5  supervised release from any other case?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Mr. Porter, does the United States contend

8  that any felony offense to which the defendant is today pleading

9  guilty occurred while he was released on bond in relation to

10 some other Federal criminal charge?

11         MR. PORTER:  No other Federal case, your Honor.

12         THE COURT:  Does this case involve possible

13 restitution or forfeiture?

14         MR. PORTER:  No, your Honor.

15         THE COURT:  Mr. Kosi, if you were convicted of the

16 charge in this case you may lose valuable civil rights including

17 the right to vote, the right to hold public office, the right to

18 serve on a jury, and the right to possess any kind of a firearm.

19 Do you understand that?

20         THE DEFENDANT:  Yes, I do, your Honor.

21         THE COURT:  The United States Sentencing Commission

22 has issued guidelines for judges to use in determining the

23 sentence for a criminal case.  While judges are not bound to --

24 to apply the guideline, judges must consult the guidelines and

25 take them into account in determining the sentence.  Have you

1  and your attorney talked about how the guidelines might apply to

2  your case?

3          THE DEFENDANT:  Yes, we have, your Honor.

4          THE COURT:  Do you understand that the Court will not

5  be able to determine the advisory guideline sentence for your

6  case until after the presentence report has been completed, and

7  you and the Government have had an opportunity to challenge the

8  reported facts and the application of the guidelines recommended

9  by the probation officer, and that the sentence imposed may be

10 different from any estimate your attorney may have given you?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you also understand that after your

13 advisory guideline range has been determined the Court has the

14 discretion and authority to depart from the guidelines and to

15 impose a sentence that is more severe or less severe than the

16 sentence indicated in the advisory sentencing guideline range?

17         THE DEFENDANT:  Yes, I understand.

18         THE COURT:  Do you understand that Judge Ezra will

19 also determine your sentence based on admissions that you make

20 at this change of plea hearing?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you understand that you do not have to

23 admit to factual matters in dispute, but if you do admit to

24 certain facts at this hearing Judge Ezra will rely on your

25 admissions at the sentencing -- at the time of your sentencing

1   and that your admissions may increase your sentence?

2                THE DEFENDANT:  Yes, your Honor.

3                THE COURT:  If the sentence is more severe than you

4   expected you will still be bound by your plea.  Even if you do

5   not like the sentence imposed by the Court you will not be able

6   to withdraw your plea.  The time to make that decision is now.

7   Do you understand that?

8                THE DEFENDANT:  Yes, your Honor.

9                THE COURT:  Parole has been abolished, Mr. Kosi.  If

10  you are sentenced to prison you will not be released on parole.

11  Do you understand that?

12               THE DEFENDANT:  Yes, your Honor.

13               THE COURT:  Mr. Kosi, you have a right to plead not

14  guilty to any offense charged against you and to persist in that

15  plea.  You will then have a right to trial by jury.  During that

16  trial you would have the right to assistance of counsel for your

17  defense.  The right to see and hear all the witnesses and to

18  have your attorney cross-examine them, the right to testify

19  yourself or to decline to testify and remain silent, and the

20  right to have the Court issue subpoenas for any witnesses you

21  wish to call in your defense.

22               At trial you would be presumed to be innocent and the

23  United States would have the burden of proving that you are

24  guilty beyond a reasonable doubt.  Before you can be convicted

25  all 12 jurors must be convinced that the Government -- that the

1    United States has met that burden.

2            If you are found guilty after a trial you would have

3    the right to appeal that conviction to a higher court, and if

4    you could not afford to pay the cost of an appeal the Government

5    would pay those costs for you.  Do you understand that you have

6    all of these rights?

7            THE DEFENDANT:  Yes, I do, your Honor.

8            THE COURT:  If you plead guilty, however, and if the

9    Court accepts that plea there will be no trial.  You will be

10   waiving or giving up your right to a trial and all of the other

11   rights I have described.  Do you understand that?

12           THE DEFENDANT:  Yes, I do, your Honor.

13           THE COURT:  Also, so long as you plead not guilty you

14   have the right to remain silent, but if you plead guilty you are

15   waiving that right.  I will ask you some questions about what

16   occurred, and you must answer those questions truthfully under

17   oath even if your answers establish that you committed a crime.

18   Do you understand that?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  All right.  Mr. Porter, would you

21   summarize for the Court and the defendant the essential elements

22   which the Government would be required to prove if there was a

23   trial on the charge?

24           MR. PORTER:  Yes, your Honor.  If this matter were to

25   proceed to trial pursuant to Title 21, United States Code,

1  Section 841(A)(1), the Government would have to prove that the

2  defendant knowingly possessed a controlled two -- a scheduled

3  controlled substance under schedule two and that is

4  methamphetamine in this case with intent to distribute.  And we

5  would also prove beyond a reasonable doubt at trial the -- the

6  sentencing enhancement of five or more grams of methamphetamine

7  actual or Ice.

8          THE COURT:  Mr. Nishimura, do you disagree in any

9  respect with that summary as to the essential elements?

10          MR. NISHIMURA:  No, your Honor.

11          THE COURT:  Mr. Kosi, do you understand that if there

12  were a trial on the charge the United States would be required

13  to present evidence sufficient to prove each of these essential

14  elements beyond a reasonable doubt?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Mr. Kosi, going back to the question that

17  I asked you as to whether or not you were on probation, parole

18  or supervised release from any other case.  There is some

19  indication in the pretrial services report that you may be or

20  are on probation with regards to a Family Court matter.

21          THE DEFENDANT:  Yes, I believe I was on probation --

22          THE COURT:  Okay.

23          THE DEFENDANT:  -- but currently I -- I think I'm not

24  anymore.  It expired --

25          THE COURT:  Expired.  Well --

```
 1              THE DEFENDANT:  -- last year.

 2              THE COURT:  -- it's indicated here --

 3              THE DEFENDANT:  I could be wrong.

 4              THE COURT:  -- and -- and I'm -- I'm only bringing

 5   this up, because I want to make sure that I ask you the full

 6   colloquy of questions.  There is some indication that you may

 7   have been resentenced on October 28, 2003, to two years of

 8   probation which would expire on May 6, 2005.  So, technically

 9   since we're before May 6, 2005, you may be on probation for that

10   Family Court matter.

11              So, in the event that you are on probation, Mr. Kosi,

12   I'm going to ask you do you understand that if you plead guilty

13   to the offense this morning that somehow that might adversely

14   affect the probation that you're under -- under the Family Court

15   -- in the Maui Family Court.  There might be some adverse affect

16   on that probation.

17              THE DEFENDANT:  Yes, your Honor, I understand.

18              THE COURT:  All right.  Thank you.

19              THE DEFENDANT:  Thank you.

20              THE COURT:  Mr. Kosi, you're charged in Count 1 of the

21   indictment -- you're charged in Count 1 of the indictment with

22   knowingly and intentionally possessing -- that you knowingly and

23   intentionally possessed with intent to distribute five grams or

24   more of methamphetamine, its salts, isomers, and salts of its

25   isomers in violation of Title 21, United States Code, Sections
```

1    841(A)(1) and 841(B)(1)(a).  Do you understand this charge?

2              THE DEFENDANT:  Yes, I do, your Honor.

3              THE COURT:  Pursuant to Title 21, United States Code,

4    Section 841(B)(1)(a), this charge carries a mandatory minimum

5    sentence of five years and a maximum period of imprisonment of

6    40 years.  Do you understand that?

7              THE DEFENDANT:  Yes, I do, your Honor.

8              THE COURT:  In order for you to be so punished the

9    Government has the burden of proving to a jury beyond a

10   reasonable doubt that you possessed with intent to distribute

11   five grams or more of methamphetamine, its salts, isomers, and

12   salts of its isomers.  Do you understand that?

13             THE DEFENDANT:  Yes, I do, your Honor.

14             THE COURT:  Do you waive or give up your right to have

15   a jury determine that you possessed with intent to distribute

16   five grams or more of methamphetamine, its salts, isomers, and

17   salts of its isomers?

18             THE DEFENDANT:  Yes, your Honor, I waive my rights.

19             THE COURT:  Do you agree that you are knowingly

20   responsible for five grams or more of methamphetamine, its

21   salts, isomers and salts of its isomers?

22             THE DEFENDANT:  Yes, I am.

23             THE COURT:  Mr. Kosi, the plea agreement includes a

24   written summary of the facts upon which the plea is based

25   specifically beginning at paragraph 8, on page 4, and continuing

1    on to page 6.  Have you read carefully through that statement of

2    facts?

3                THE DEFENDANT:  Yes, I have.

4                THE COURT:  Are those facts all true in every respect?

5                THE DEFENDANT:  Yes, it is, your Honor.

6                THE COURT:  Would you tell me in your own words what

7    you did that constitutes the crime charged?

8                THE DEFENDANT:  I -- I had methamphetamine in my

9    possession in my backpack, and I knew that it was against the

10   law.

11               THE COURT:  And the methamphetamine that you had in

12   your backpack you intended to distribute it?

13               THE DEFENDANT:  Yes, your Honor, I intended to

14   distribute it.

15               THE COURT:  And there was more than five grams of it?

16               THE DEFENDANT:  Yes, there were.

17               THE COURT:  Mr. Porter, are you satisfied?

18               MR. PORTER:  Yeah, that it was more than five grams of

19   actual after having been provided with the purity tests, your

20   Honor.

21               THE COURT:  Well, let -- let me do this.

22               MR. PORTER:  Okay.

23               THE COURT:  Mr. Porter, what is the Government's

24   proffer if this case were to proceed to trial?

25               MR. PORTER:  Yes, your Honor, only that Maui Police

1    Department officers conducted a lawful traffic stop back on

2    November 21st, 2003.  At that time, they did recover a backpack

3    that was Mr. Kosi's from in and around the area of the traffic

4    stop.  It was searched and among the records found therein,

5    there were documents bearing Mr. Kosi's name and a quantity of

6    methamphetamine.

7          A forensic chemist from the Southwest Laboratories did

8    test that amount of methamphetamine, and it was 26.2 grams.

9    That's the net weight.  They were found to be at 23 percent

10   purity for an amount of pure Ice of 23.8 grams.  That would be

11   our proffer as to his possession with intent to distribute more

12   than five grams of methamphetamine actual.

13         THE COURT:  Mr. Kosi, did you hear what Mr. Porter

14   just told me?

15         THE DEFENDANT:  Yes, I did, your Honor.

16         THE COURT:  And specifically about you and your

17   conduct was what he told me true?

18         THE DEFENDANT:  Yes, your Honor, it is true.

19         THE COURT:  Mr. Kosi, if you plead guilty the Court

20   will order that a presentence report be prepared.  The

21   sentencing judge will decide whether or not to accept the plea

22   agreement based in part upon the contents of the presentence

23   report.  If the Court decides to reject the plea agreement you

24   would then have an opportunity to withdraw your guilty plea and

25   change it to not guilty.  Do you understand that?

1          THE DEFENDANT:  Yes, I do, your Honor.

2          THE COURT:  All right.  Then, Mr. Kosi, how do you now

3 plead to the charge in Count 1 of the indictment, guilty or not

4 guilty?

5          THE DEFENDANT:  I plead guilty, your Honor.

6          THE COURT:  Mr. Nishimura, are you aware of any reason

7 why the Court should not accept the defendant's guilty plea?

8          MR. NISHIMURA:  No, your Honor.

9          THE COURT:  The Court finds that the defendant is

10 fully competent and capable of entering an informed plea, that

11 his plea of guilty is knowing and voluntary and supported by an

12 independent basis in fact containing each of the essential

13 elements of the offense.  I am therefore signing the report and

14 recommendation concerning the plea of guilty.

15          Subject to the Court's consideration of the plea

16 agreement pursuant to Rule 11(C)(3) of the Federal Rules of

17 Criminal Procedure, I recommend that the defendant be adjudged

18 guilty and have sentence imposed.  Objections to this report and

19 recommendation are waived unless filed and served within ten

20 days.

21          Mr. Kosi, I'm ordering our Probation Department to

22 prepare a presentence report in this case.  This is a document

23 about you and about your case, which will assist the Judge in

24 determining the sentence in this case.  The probation officer

25 will interview you.  If you wish your attorney may be present at

1    that interview.  You and your attorney will have an opportunity

2    to read the report before sentencing and to file written

3    objections to its contents.  You and your attorney will also

4    have the opportunity to address the Judge at the hearing before

5    the Judge imposes sentence.  Date and time.

6            THE CLERK:  Sentencing to Count 1 of the indictment is

7    December 12, 2005, 3:00 p.m., Judge Ezra.

8            THE COURT:  The defendant to remain in custody pending

9    sentencing pursuant to the earlier detention order.  Anything

10   further, Mr. Nishimura?

11           MR. NISHIMURA:  No, your Honor.  Thank you.

12           THE COURT:  Mr. Porter.

13           MR. PORTER:  No, your Honor, thank you.

14           THE COURT:  Good luck, Mr. Kosi.

15           THE DEFENDANT:  Thank you, your Honor.

16           THE COURT:  We'll be in recess.

17           (At which time the above-entitled proceedings were

18   concluded.)

19

20

21

22

23

24

25

1

2

3                              CERTIFICATE

4          I, court approved transcriber, certify that the

5   foregoing is a correct transcript from the official electronic

6   sound recording of the proceedings in the above-entitled matter.

7          Dated this 17th day of March, 2006.

8

9                          _____

10

11                         _____
                                Jessica B. Cahill

12

13

14

15

16

17

18

19

20

21

22

23

24

25