IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 08-00290 DAE-KSC |
| | ) | CR. NO. 03-00586 DAE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES HENRY KOSI JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S § 2255 PETITION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendant's Petition and the

opposing memoranda, the Court DENIES Defendant's 28 U.S.C. § 2255 Petition.

BACKGROUND

On December 17, 2003, a federal grand jury indicted Defendant

Charles Henry Kosi ("Kosi") on two counts: (1) possession with intent to distribute

five or more grams of methamphetamine; and (2) felon in possession of a firearm.

On October 22, 2004, Kosi filed a motion to suppress evidence, which

was denied.  On April 5, 2005, Kosi pled guilty to a methamphetamine distribution charge.[1]  Thereafter, Kosi informed his court appointed counsel, Alvin Nishimura, that he wanted his guilty plea withdrawn.  On October 27, 2005, Nishimura withdrew as Kosi's counsel because he could no longer represent Kosi in good faith, in light of Kosi's intent to withdraw his guilty plea.  On November 2, 2005, Attorney Mark Zenger was appointed as counsel for Kosi.

On March 2, 2006, one day prior to his sentencing hearing, Kosi moved to withdraw his guilty plea, arguing his prior counsel gave him bad advice when he failed to tell Kosi the plea agreement barred him from appealing the denial of his motion to suppress evidence.  Kosi's motion was heard on April 7, 2006, and subsequently denied by this Court on April 11, 2006.  This Court found that Kosi "lack[ed] a fair and just reason for withdrawing his guilty plea," as required by Rule 11 of the Federal Rules of Criminal Procedure, because Kosi: (a) "has not presented any newly discovered evidence or intervening circumstances" to warrant withdrawal of his plea; and (b) "has not contested his guilt."  (Order Den. Def.'s Mot. to Withdraw Guilty Plea (Doc. # 74) at 7-8.)   In addition, this Court

---

[1]  The government dismissed Count Two of Kosi's indictment pursuant to a plea agreement.  The plea agreement also eliminated the chance Kosi would face consecutive five-year terms of imprisonment, qualified him for a downward departure, and waived his right to appeal the denial of his motion to suppress evidence.

determined Nishimura provided sufficient representation because: (a) no evidence existed that he mischaracterized any pertinent matter; (b) Nishimura discussed with Kosi the terms of the plea; and (c) Kosi admitted being "very" satisfied with Nishimura's representation, stating he freely entered into the plea and understood the limitations on appeal.  (Id. at 7-9.)

On May 25, 2006, Kosi was sentenced to 142 months of imprisonment and a five-year term of supervised release.  The sentence acknowledged that Kosi could appeal the district court's denial of his motion to withdraw his April 5, 2005 guilty plea.  On June 23, 2006, Kosi appealed this Court's denial of his motion to the Ninth Circuit, arguing this Court abused its discretion by denying his motion to withdraw the guilty plea because Kosi's plea was uninformed and based upon faulty legal advice.  (Def.'s Appellate Brief at 27-28.)  The Ninth Circuit affirmed Kosi's conviction and sentence on April 20, 2007, finding that "the thorough plea colloquy demonstrat[ed] that the guilty plea was knowing and voluntary," but declined to address the sufficiency of Kosi's counsel.  (Order Affirming Def.'s Sentence at 2.)

On March 17, 2008, Kosi filed an application in the Ninth Circuit for leave to file a second or successive petition under 28 U.S.C. § 2255.  On June 9, 2008, the Ninth Circuit denied Kosi's application because he had not previously

filed a § 2255 motion in district court.  On June 13, 2008, this Court received and

filed Kosi's Ninth Circuit application, construing it as a § 2255 Petition.  (Doc.

# 96.)  On July 18, 2008, the Government responded to Kosi's filing.

STANDARD OF REVIEW

The Court shall hold an evidentiary hearing on the petitioner's

Section 2255 motion "unless the files and records of the case conclusively show

that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The standard for

holding an evidentiary hearing is whether the petitioner has made specific factual

allegations that, if true, state a claim on which relief could be granted.  United

States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

An evidentiary hearing is not required if the petitioner's allegations,

"when viewed against the record, do not state a claim for relief or are so palpably

incredible or patently frivolous as to warrant summary dismissal."  United States.

v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  Mere conclusory statements,

without supporting evidence, are not sufficient to require a hearing.  United States

v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).  Although the moving party is not

required to detail his evidence, he must "make factual allegations" to establish his

right to a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

The Court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing.  <u>Sanders v. United States</u>, 373 U.S. 1, 18 (1963).

<u>DISCUSSION</u>

Kosi's petition under 28 U.S.C. § 2255  (the "Petition") seeks to withdraw his April 5, 2005 guilty plea on the grounds of ineffective counsel.

To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985).  Courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" because of the difficulties in evaluating attorney performance in hindsight.  <u>Strickland</u>, 466 U.S. at 689.  Accordingly, "[a] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."  <u>United States v. Signori</u>, 844 F.2d 635, 638 (9th Cir. 1988).

5

Guilty pleas cannot be "'induced by . . . misrepresentation.'" <u>Signori</u>, 844 F.2d at 638 (quoting <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970)).  Only where a guilty plea is entered into in reliance on his or her attorney's "gross mischaracterization of the likely outcome" of a defendant's case may a defendant be entitled to withdraw the plea on grounds of ineffective assistance of counsel. <u>Iaea v. Sunn</u>, 800 F.2d 861, 865 (9th Cir. 1986); <u>see</u> <u>also</u> <u>United States v. Michlin</u>, 34 F.3d 896, 899 (9th Cir. 1994) ("'an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea,' although an exception might be made in a case of 'gross mischaracterization of the likely outcome.'") (citations omitted).

Here, Kosi's Petition is insubstantial, consisting of one conclusory sentence: "[t]here is reasonable probability, but for Counsel's errors, I would not have pleaded guilty and went to trial."  (Mot. at 4.)  Kosi supports his Petition by referencing <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), (Petition at 4), which presents a two-pronged test for evaluating ineffective assistance of counsel claims in cases involving guilty pleas.  <u>Hill</u> holds that (1) the <u>Strickland</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel, and (2) in order to show prejudice in the context of a guilty plea, the petitioner must show there is a

reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial. Hill, 474 U.S. 52.

   Kosi's Petition fails the Strickland and Hill tests because Kosi's one

sentence claim, devoid of explanation and facts from the record, does not

adequately demonstrate that his counsel's performance was deficient.  See

Johnson, 988 F.2d at 945 (mere conclusory statements, without supporting

evidence, are not sufficient to require a hearing).  Nor does Kosi's Petition specify

any of the errors he alleges his counsel committed.  See United States v. Birges,

723 F.2d 666, 669-70 (9th Cir. 1984) ("[w]here ineffectiveness of counsel is

alleged, the defendant must point to errors or omissions in the record . . . which

establish that he did not receive adequate representation"); Hearst, 638 F.2d at

1194 (the moving party must make factual allegations to establish his right to a

hearing).  Since Kosi fails to present any evidence supporting his claim of

ineffective counsel, his Petition fails.

   Moreover, to the extent Kosi argues Nishimura's representation was

ineffective because Nishimura did not inform him of the plea condition waiving his

right to appeal the suppression motion, this Court previously found that: (a) Kosi's

stated satisfaction with Nishimura, until inconvenient, reflects the adequacy

of Nishimura's representation; (b) even if Nishimura gave Kosi bad advice, mere

bad advice is an insufficient ground to withdraw a plea; and (c) "there is no

evidence that Nishimura grossly mischaracterized anything related to Defendant's

sentencing or appeal rights."  (Order Den. Def.'s Mot. to Withdraw Guilty Plea at

8-9.)

        Kosi's petition also fails <u>Hill's</u> second prong because it fails to

explain or prove Kosi's claim that the requisite reasonable probability existed that,

but for counsel's errors, whatever they may have been, he would not have pled

guilty.  Defendants possess the burden of demonstrating from the record that there

is a reasonable likelihood that counsel's errors or omissions prejudiced his right to

a fair trial.  <u>Birges</u>, 723 F.2d at 669-70; <u>Hearst</u>, 638 F.2d at 1194.  Kosi offers no

explanation, or supporting law or facts, as to why such a reasonable likelihood

exists.  Accordingly, Kosi's application fails to satisfy his burden of proof.

Therefore, this Court DENIES Kosi's Petition.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Kosi's Petition filed

under 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 25, 2008.



_____
David Alan Ezra
United States District Judge


<u>United States v. Kosi</u>, CV No. 08-00290; ORDER DENYING DEFENDANT'S
§ 2255 PETITION